**Willie DIXON, Jr. and Melba Dixon,
Plaintiffs-Appellants,**

v.

**MONTGOMERY WARD,
Defendant-Appellee.**

No. 83–1249.

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 10, 1986.

Decided Feb. 10, 1986.

James A. Tucker, Detroit, Mich., for plaintiffs-appellants.

Lamont E. Buffington (argued), Detroit, Mich., for defendant-appellee.

Before MERRITT, JONES and NELSON, Circuit Judges.

MERRITT, Circuit Judge.

In this diversity case, plaintiff Dixon filed suit against Montgomery Ward alleging false arrest, false imprisonment, malicious prosecution, assault, and battery. At the close of a trial at which Dixon and four store security officers testified, the jury returned a verdict for Montgomery Ward.

Dixon appeals and seeks reversal of the judgment in favor of Montgomery Ward or, alternatively, a new trial. Dixon claims that the jury's verdict was against the great weight of the evidence. Montgomery Ward responds that Dixon may not appeal the jury verdict on this ground because he failed to move at the trial for either a new trial or judgment notwithstanding the verdict. This argument is correct. *See Cone v. West Virginia Pulp & Paper*, 330 U.S. 212, 216, 67 S.Ct. 752, 755, 91 L.Ed. 849 (1947) ("Determination of whether a new trial should be granted or a judgment entered under Rule 50(b) calls for the judgment in the first instance of the judge who saw and heard the witnesses and has the feel of the case which no appellate transcript can impart.") 6A J. Moore, J. Lucas, & G. Grotheer, Moore's Federal Practice, ¶ 5915[3] at 59–326 to 327 (2d ed. 1985) ("If relief from a verdict is desired on the ground that it is against the weight of the evidence ... a motion for a new trial is necessary to raise these matters ...; the discretionary power of the district court to give relief from an error of fact must first be invoked....")

Accordingly, the judgment of the District Court is affirmed.