817 F.2d 756
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Elliot JACKSON, Plaintiff-Appellant,
v.
Huel JONES, Jailer, Defendant-Appellee.
 No. 86-6020.
 United States Court of Appeals, Sixth Circuit.
 May 11, 1987.
 
 Before LIVELY, Chief Judge, and ENGEL and KRUPANSKY, Circuit Judges.
 
 ORDER
 
 1
 The plaintiff requests counsel on appeal from the district court's judgment for the defendant after a jury trial in this prisoner's civil rights case. Pursuant to Rule 9(a), Rules of the Sixth Circuit, this appeal has been referred to a panel of the Court for consideration. Upon consideration of the record and plaintiff's informal brief, we unanimously agree that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The plaintiff was a prisoner at the Calloway County, Kentucky jail. The defendant is the county jailer. The complaint alleges that the plaintiff was denied his right of access to counsel and his right to medical care while at the jail. Specifically, the plaintiff alleged that he was denied the right to speak to his counsel on the telephone and that he was denied medical treatment for a pinched nerve in his neck which he suffered while exercising. The case was submitted to a jury, which ruled in favor of the defendant.
 
 
 3
 In his informal brief, the plaintiff raises three issues concerning the weight of the evidence, the district court's failure to subpoena witnesses, and the violation of the district court's ruling on the plaintiff's motion in limine. Concerning the weight of the evidence, the plaintiff waived his right to raise this issue when he did not mention it in his motion for a new trial. Dixon v. Montgomery Ward, 783 F.2d 55 (6th Cir. 1986). Even assuming that he did not waive the issue, the direct conflict between the testimony of the plaintiff and the defendant prevents the jury's verdict from being set aside. Merkel v. Scovill, Inc., 787 F.2d 174, 177 (6th Cir.), cert. denied, 107 S.Ct. 585 (1986).
 
 
 4
 Concerning the second issue, the trial court has wide discretion regarding subpoenas. Samora v. United States, 406 F.2d 1095, 1099 (5th Cir. 1969). We hold that the district court did not abuse its discretion in the present case. Finally, the only uncorrected violation of the district court's order concerning the motion in limine occurred during closing argument. The plaintiff waived his right to raise this issue on appeal when he did not specifically object to the argument. Rule 46, Federal Rules of Civil Procedure; Neu v. Grant, 548 F.2d 281, 287 (10th Cir. 1977). Assuming that the plaintiff did not waive this issue, the overwhelming evidence in favor of the defendant shows that any error was harmless. Rule 61, Federal Rules of Civil Procedure.
 
 
 5
 The motion for counsel is denied. The judgment of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.