861 F.2d 721
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Barbara A. SIMMONDS, Plaintiff-Appellant,
v.
SUPERIOR PONTIAC CADILLAC, INC., Defendant-Appellee.
 No. 87-1097.
 United States Court of Appeals, Sixth Circuit.
 Nov. 2, 1988.
 
 Before KRUPANSKY and RALPH B. GUY, Jr., Circuit Judges, RONALD E. MEREDITH, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff, Barbara Simmonds, appeals from an adverse jury verdict in an employment discrimination discharge case. Although plaintiff's pro se brief on appeal is somewhat cryptic, she appears to be arguing that the verdict was against the weight of the evidence and that the trial judge committed certain unspecified errors as to the law. Simmonds also seeks a new trial because the testimony of one of the trial witnesses is not available on appeal due to a failure of the recording device.
 
 
 2
 Upon a review of the trial proceedings, we conclude that no errors occurred and that plaintiff has shown no prejudice stemming from the missing testimony. Accordingly, we affirm.
 
 I.
 
 3
 Plaintiff, a black female, was hired by defendant as a new car salesperson on February 6, 1984. On July 8, 1984, plaintiff was laid off and never recalled. The lay-off was precipitated by a strike at General Motors plants which resulted in an inadequate supply of new cars requiring a cut-back in defendant's sales force. Additionally, plaintiff, who had no prior experience in auto sales, was not performing up to standards, particularly with regard to her paperwork.
 
 
 4
 Subsequent to her lay-off plaintiff started this lawsuit and claimed: (1) breach of contract; (2) racial discrimination in violation of 42 U.S.C. Sec. 1981; and (3) racial discrimination in violation of Michigan's Elliott-Larsen Civil Rights Act, Mich.Comp.Laws Ann. Sec. 37.2101, et seq. The breach of contract claim was dismissed by stipulation prior to trial and the case went to the jury on the two racial discrimination claims. Although plaintiff is female, no claims of sex discrimination were submitted to the jury. Plaintiff relied solely on a theory of racial discrimination. The jury returned a verdict of no cause of action.
 
 II.
 
 5
 Although plaintiff argues that the verdict was against the weight of the evidence, she sets forth no particulars. More importantly, however, no motion for a judgment notwithstanding the verdict or for a new trial were made in the district court. Without having made such motions, appellate review of the sufficiency of the evidence is precluded. Dixon v. Montgomery Ward, 783 F.2d 55 (6th Cir.1986).
 
 III.
 
 6
 Although plaintiff argues that the court applied the wrong law, once again, no particulars are set forth. Plaintiff merely argues that she was denied "Justice." Furthermore, no objections were made to the jury instructions which is where the law of the case is set forth. Where no objection is made to the jury instructions, appellate review is precluded except for plain error. Wiskotoni v. Michigan National Bank-West, 716 F.2d 378, 388-89 (6th Cir.1983).
 
 
 7
 Notwithstanding plaintiff's failure to object to the jury instructions, we have reviewed them and find them to be a correct statement of the law applicable to plaintiff's claims.
 
 IV.
 
 8
 With regard to the missing testimony caused by a recording failure, we are not told how plaintiff has been prejudiced. Additionally, the rules of appellate procedure specifically address the procedure to be followed where a portion of a trial record is unavailable. Fed.R.App.P. 10(c) provides:
 
 
 9
 (c) Statement of the Evidence or Proceedings When No Report Was Made or When the Transcript is Unavailable. If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall be served on the appellee, who may serve objections or propose amendments thereto within 10 days after service. Thereupon the statement and any objections or proposed amendments shall be submitted to the district court for settlement and approval and as settled and approved shall be included by the clerk of the district court in the record on appeal.
 
 
 10
 Plaintiff has made no effort to comply with the procedures provided and leaves us with no clue as to the significance, if any, of the missing testimony to this appeal.
 
 
 11
 Since plaintiff is appealing pro se, we have made every effort to view the record and her arguments indulgently, but even under this relaxed standard of review, we find no error.
 
 
 12
 AFFIRMED.
 
 
 
 *
 Honorable Ronald E. Meredith, United States District Court, Western District of Kentucky, sitting by designation