898 F.2d 154
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rebecca SEESE, Plaintiff-Appellant,
v.
Robert Den HOUTEN, Defendant-Appellee.
 No. 89-1675.
 United States Court of Appeals, Sixth Circuit.
 March 14, 1990.
 
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This action was brought under 42 U.S.C. Sec. 1983 by plaintiff Rebecca Seese, a private detective agency employee, against an officer of the Michigan Department of State Police. In the course of attempting to deliver a letter to Ms. Seese's employer in the latter's office, the defendant state police officer allegedly deprived Ms. Seese of her constitutional right to be secure against unreasonable searches.
 
 
 2
 The case was tried to a jury. By special verdict, the jury found that the defendant officer had not violated the constitutional right in question. From a judgment entered on the verdict, plaintiff Seese has appealed.
 
 
 3
 In her brief on appeal, Ms. Seese says that two issues are presented for review. The first such issue is said to be "Whether a reasonable expectation of privacy is afforded to business employees, thus securing them from unreasonable searches."
 
 
 4
 The defendant police officer does not dispute that the answer to this question is "yes."
 
 
 5
 The second issue said to be presented for review is this: "Whether the jury's verdict was contrary to the great weight evidence [sic], therefore making the Appellee's forcible warrantless intrusion into the premises where the Appellant was employed a violation of the Fourth Amendment, thus constituting an unlawful search."[1]
 
 
 6
 The procedural context in which this issue is supposed to have arisen is not made clear by Ms. Seese's brief. Rule 28(a)(3), Fed.R.App.P., directs that immediately after the statement of the issues, the brief of the appellant "shall" set forth a "statement of the case." The statement "shall first indicate briefly the nature of the case, the course of proceedings, and its disposition in the court below." No such statement was presented here.
 
 
 7
 Rule 28(b) says that the brief of the appellee need not contain a statement of the case "unless the appellee is dissatisfied with the statement of the appellant." The appellee police officer was evidently satisfied that we should be told nothing of the course of the proceedings below, because the officer's brief contains no statement of the case either.
 
 
 8
 It seems to us that the appellee officer ought to have been dissatisfied with the appellant's non-existent statement, because a proper description of the course of the proceedings in the district court would have disclosed that the plaintiff never asked the district court to set aside the jury's verdict as contrary to the weight of the evidence.
 
 
 9
 "A contention ... that the verdict was against the weight of the evidence cannot be raised for the first time on appeal." Scientific Holding Co. v. Plessey, Inc., 510 F.2d 15, 28 (2d Cir.1974) (per Friendly, J.). "Determination of whether a new trial should be granted ... calls for the judgment in the first instance of the judge who saw and heard the witnesses and has the feel of the case which no appellate transcript can impart." Cone v. West Virginia Pulp & Paper Co., 330 U.S. 212, 216 (1947), as quoted in Dixon v. Montgomery Ward, 783 F.2d 55 (6th Cir.1986). See also 6A Moore's Federal Practice p 59.14 (2d.Ed.1989) ("a motion for new trial would have to be made if a party desired to attack a judgment in a jury case on the ground the verdict is against the weight of the evidence").
 
 
 10
 Had we been told in the briefs that the plaintiff's contention as to the weight of the evidence was never raised in the district court, this court's consideration of the appeal might have taken less time than it has. In any event, after reading the entire transcript of the trial, we are satisfied that the plaintiff was not entitled to a new trial on any ground. Our disposition of the case would have been the same even if the issue had been preserved for appeal. Whether or not the defendant police officer was engaged in a "search" within the meaning of that term as used in the Fourth Amendment, there was ample evidence on which the jury could have found that any search the officer may have conducted was not "unreasonable."
 
 
 11
 The judgment of the district court is AFFIRMED. Each party will bear his or her own costs of appeal.
 
 
 
 [1]
 Under this issue there is said to be a sub-issue: "Whether governmental intrusions into a persons [sic] reasonable expectation of privacy violate the Fourth Amendment if the invasion is not investigative in nature."