912 F.2d 465
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Moody BENSON, Plaintiff-Appellant,
v.
CONSOLIDATED RAIL CORPORATION, Defendant-Appellee.
 No. 89-3799.
 United States Court of Appeals, Sixth Circuit.
 Aug. 29, 1990.
 
 Before KRUPANSKY and BOGGS, Circuit Judges, and JOINER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, Moody Benson (Benson), has appealed from the amount of damages awarded to him pursuant to a jury verdict against defendant-appellee, Consolidated Rail Corporation (Conrail), in this personal injury action commenced pursuant to the Federal Employers' Liability Act (FELA), 45 U.S.C. Sec. 51 et seq. After a six-day trial, the jury awarded a verdict in favor of Benson in the amount of $35,000 for past wages and fringe benefits, $25,000 for past pain and suffering, and $5,000 for future pain and suffering. The jury declined to award any damages with regard to future lost wages and fringe benefits.
 
 
 2
 On appeal, Benson has argued that the district court abused its discretion by permitting Conrail to amend its answer in order to assert an affirmative defense of mitigation of damages shortly before the start of trial. It is well established that the question of whether a party should be allowed to amend a pleading is committed to the sound discretion of the district court, and this court may disturb that decision only for an abuse of discretion. Roth Steel Prod. v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir.1983). Moreover, leave to amend a party's pleadings "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). "[T]here must be 'at least some significant showing of prejudice to the opponent' if the motion is to be denied." Janikowski v. Bendix Corp., 823 F.2d 945, 951 (6th Cir.1987) (quoting Moore v. City of Paducah, 790 F.2d 557, 562 (6th Cir.1986)). In the case at bar, Benson has failed to meet his burden of establishing prejudice. Accordingly, the district court did not abuse its discretion in allowing Conrail to amend its answer.
 
 
 3
 Benson also has argued that the jury's verdict awarding $5,000 for future pain and suffering and no amount for future wages and fringe benefits was against the weight of the evidence. However, after the return of the jury verdict, Benson failed to move for a new trial or for a judgment not withstanding the verdict. Accordingly, he has not preserved this issue for appeal. Dixon v. Montgomery Ward, 783 F.2d 55 (6th Cir.1986) (jury verdict can not be appealed on the basis that it was against the weight of the evidence, where no motion was made at trial either for a new trial or judgment notwithstanding the verdict).
 
 
 4
 Accordingly, the disposition of the trial court is AFFIRMED.
 
 
 
 *
 The Honorable Charles W. Joiner, United States Senior District Judge for the Eastern District of Michigan, sitting by designation