977 F.2d 584
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gary A. WESTMORELAND; Deborah Westmoreland, Plaintiffs-Appellees,
v.
THOMAS & RICKER CHRYSLER-PLYMOUTH-DODGE, INC., et al., Defendants,
Jimmy Shaw, Defendant-Appellant.
 No. 91-6404.
 United States Court of Appeals, Sixth Circuit.
 Sept. 28, 1992.
 
 Before KEITH, DAVID A. NELSON and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Jimmy Shaw, through counsel, appeals the district court's judgment entered pursuant to a jury verdict against him in this civil suit filed under the Motor Vehicle Information and Cost Savings Act. 15 U.S.C. §§ 1981-91. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, counsel for all parties have waived oral argument in this case.
 
 
 2
 In their complaint filed in the United States District Court for the Eastern District of Tennessee, Northeastern Division, the plaintiffs, Gary and Deborah Westmoreland, alleged that Shaw and a second named defendant, Thomas & Ricker Chrysler-Plymouth-Dodge, Inc., violated the Act by failing to properly advise the plaintiffs that the mileage reflected on the odometer in a vehicle purchased by the Westmorelands was not the true and correct mileage and that this fact was known to the defendants prior to the sale. A trial was held on the matter, after which a jury found in favor of the plaintiffs and against the defendant Jimmy Shaw. The jury awarded to the plaintiffs damages in the amount of $15,000. The district court entered judgment on the jury verdict, which judgment was filed on November 1, 1991.
 
 
 3
 On appeal, Shaw makes the following arguments: 1) there was insufficient evidence for the jury to conclude that there was an intent to defraud; 2) the evidence was insufficient to sustain the jury verdict, based on the court's charge to the jury concerning the measure of damages; 3) in the absence of proof of actual mileage on the subject vehicle, the jury could not assess damages greater than the statutory minimum of $1,500; and 4) the jury's failure to answer questions on the jury verdict form relative to the co-defendant, Thomas & Ricker, requires a new trial.
 
 
 4
 Upon review, this court concludes that the district court's judgment on the jury verdict should be affirmed. Shaw's argument that the evidence is insufficient to support the jury verdict is not reviewable by this court. This court may review a decision of the district court only upon a motion for judgment notwithstanding the verdict (JNOV). Young v. Langley, 793 F.2d 792, 794-95 (6th Cir.), cert. denied, 479 U.S. 950 (1986); Dixon v. Montgomery Ward, 783 F.2d 55 (6th Cir.1986). If the appealing party did not file such a motion, the issue is waived. Dixon, 783 F.2d at 55. This court reaffirmed that proposition in Gutzwiller v. Fenik, 860 F.2d 1317, 1330 (6th Cir.1988), wherein it was held that where a defendant moves for a directed verdict at the close of the plaintiff's testimony, but does not renew its motion at the close of the entire testimony, the defendant waives its original motion and is precluded from questioning the sufficiency of the evidence, on appeal.
 
 
 5
 In this case, the record shows that motions for a directed verdict were made by the plaintiffs' attorney and by the defendants' attorney on behalf of defendant Thomas & Ricker. However, no such motion was made on behalf of defendant Shaw. Moreover, the record shows that no motion for JNOV was made after the verdict was declared, either at the end of the trial or thereafter, on behalf of any party. Therefore, defendant Shaw has waived any argument that he has on appeal relevant to the sufficiency of the evidence to support the jury verdict, either in regard to an intent to defraud on his behalf or concerning the damages assessed by that jury.
 
 
 6
 Likewise, Shaw failed to preserve the last two issues relating to excessive damages and the jury's alleged failure to answer questions relative to the co-defendant on the jury verdict form, by failing to present an objection to the award or to the verdict form in a motion for a new trial, or otherwise in any post-judgment motion before the trial court. Young, 793 F.2d at 794-95. Therefore, this court may not review any of the four arguments raised by Shaw, on appeal.
 
 
 7
 Lastly, the appellees request damages allowed under Fed.R.App.P. 38, on the basis that the appeal is allegedly frivolous within the meaning of that statute. However, this court has refused to award damages and attorneys fees pursuant to this Rule when it cannot be said that the case is unreasonable or unfounded. Wrenn v. Gould, 808 F.2d 493, 505 (6th Cir.1987), cert. denied, 484 U.S. 1067 (1988). In this case, it cannot be said that the appeal was entirely frivolous, unreasonable or without foundation. The assessment of such claims should not be made in hindsight and damages awarded merely because the defendant did not finally prevail. Wrenn, 808 F.2d at 505.
 
 
 8
 Accordingly, the district court's judgment is hereby affirmed, and the appellees' request for damages under Fed.R.App.P. 38 is hereby denied. Rule 9(b)(3), Rules of the Sixth Circuit.