12 F.3d 214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Estil SULLIVAN, Plaintiff-Appellant,
v.
Claude JUDE; Kermit Lumber & Pressure Treating Plant; CNA
Insurance Company; American Casualty Company of
Reading, Pennsylvania, Defendants-Appellees.
 No. 92-6693.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1993.
 
 1
 Before: GUY and RYAN, Circuit Judges, and MILES, Senior District Judge.*
 
 ORDER
 
 2
 Estil Sullivan, appearing pro se, appeals a district court judgment dismissing his civil diversity suit, entered after a jury verdict was returned in favor of the defendants. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary damages, Sullivan sued the Kermit Lumber & Pressure Cleaning Plant, one of its truck drivers, and the American Casualty Company of Reading, Pennsylvania, alleging that on May 5, 1989, defendant Jude negligently drove his truck into the plaintiff. Further, Sullivan argued that American Casualty wrongfully refused to pay reparation benefits. A jury trial was held in November 1992. The issues developed at trial involved whether Sullivan had fabricated his claim of being struck and the extent of his alleged injuries. The district court granted a directed verdict in favor of American Casualty on the claim of bad faith refusal to pay reparation benefits. Following the trial, the jury returned a verdict in favor of the defendants, finding that the plaintiff had not sustained any physical injury as a result of the May 5, 1989, incident. Sullivan has filed a timely appeal.
 
 
 4
 On appeal, Sullivan argues that: 1) there is insufficient evidence to support the jury's verdict; 2) the district court erred in excluding Dr. Fahmy's testimony relating to Dr. Passidimo's medical opinion of Sullivan's injuries, and erred in admitting the deposition of Dr. Fahmy because it was not signed by a notary public; 3) the district court erred in admitting testimony regarding a videotape of the alleged incident, even though the defendants did not produce the videotape; 4) the district court erred in prohibiting the parties from mentioning American Casualty, an insurance carrier, and in granting a directed verdict in its favor; and 5) the district court was biased against the plaintiff.
 
 
 5
 Upon review, we conclude that the district court properly granted American Casualty Company's motion for directed verdict. See Briney v. Sears, Roebuck & Co., 782 F.2d 585, 587 (6th Cir.1986); see also Grant v. Wrona, 662 S.W.2d 227, 229 (Ky.Ct.App.1983). We do not address Sullivan's claim that the jury's verdict is against the manifest weight of the evidence because Sullivan failed to preserve this argument for appeal by filing a motion for a judgment as a matter of law. See Dixon v. Montgomery Ward, 783 F.2d 55, 55 (6th Cir.1986). Sullivan's remaining arguments are unpersuasive.
 
 
 6
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Wendell A. Miles, Senior U.S. District Judge for the Western District of Michigan, sitting by designation