37 F.3d 1498
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Ben ANDERSON, Plaintiff-Appellant,
v.
Larry SMITH, Defendant-Appellee.
 No. 93-4251.
 United States Court of Appeals, Sixth Circuit.
 Sept. 29, 1994.
 
 Before: KRUPANSKY, GUY and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Anderson appeals the jury verdict for Defendant Smith in this prisoner civil rights case brought under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1989, Ohio inmate Ben Anderson filed a civil rights complaint in which he contended that a corrections officer at the Southern Ohio Corrections Facility (SOCF) as well as the mail room violated his civil rights. The matter was referred to a magistrate judge who recommended that the mail room claim be dismissed but that the complaint against the individual officer, Larry Smith, go forward. The case eventually proceeded to a jury trial, Anderson acting without an attorney. The two-day trial resulted in a verdict for the defendant in all respects and this appeal followed. Plaintiff Anderson submitted a brief in his own behalf; the Ohio Attorney General will not be filing a brief.
 
 
 3
 The core contention of this case and appeal is Anderson's insistence that he was severely beaten by at least eight corrections officers during a putative disciplinary hearing at SOCF on November 3, 1988. Anderson claimed that, after he was brought to the prison hearing room in connection with a minor misconduct ticket, eight corrections officers assaulted him in retaliation for his previous prison litigation activities. Anderson maintained that the officers beat him with fists and sticks, kicked him and then picked him up and rammed his head against a wall three or four times. He claimed to have suffered injuries to his back, neck and both arms, and was "laid up" for two weeks with fever, stomach discomfort and "mental stress." Defendant Smith categorically denied the allegations. At trial, Anderson represented himself after the district court's efforts to find counsel for him failed. The evidence presented included testimony from prison personnel, Anderson himself and inmate witnesses. At the conclusion of the second day, the jury returned a unanimous verdict in favor of the defendant.
 
 
 4
 Anderson's appellate brief is a rambling chronicle of the injustices visited upon him. Interspersed among the narration are three claims relevant to the case before the court. Anderson assigns as error the closing argument of defense counsel, the racial composition of the jury and the weight of the evidence. None of these claims has been preserved for appellate review. Even if they had been preserved, there is no support for them in the record.
 
 
 5
 Anderson first characterizes the closing argument made by defense counsel as sarcastic, full of improper references to his criminal history and blatant appeals to racial prejudice. The trial transcript reveals, however, that Anderson did not register any objection to any portion of the closing argument in question, choosing instead to address some of the argument in rebuttal. During closing argument counsel "cannot as a rule remain silent, interpose no objections, and after a verdict has been returned seize for the first time on the point that the comments to the jury were improper and prejudicial." United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 239 (1940). The failure to register a timely objection will be excused on appeal only if exceptional circumstances exist such as when the error is so obvious or so serious that the public reputation and integrity of the judicial proceeding is impaired. Id. In addition, the transcript reflects a closing argument that, while at times conversational and testimonial, contains no appeals to racial sympathies or other improprieties. This contention is meritless.
 
 
 6
 Anderson refers in his appellate brief to the bias of the "all-White jury." In spite of this, the record shows Anderson's express satisfaction with the venire.
 
 
 7
 THE COURT: Okay, Mr. Anderson, since you're the plaintiff, you have the right to go first, and you have one left, one peremptory challenge left. Defendant has three. See anybody there you would like to excuse of those two [jurors]?
 
 
 8
 MR. ANDERSON: That just went on? At this time I'm satisfied with the jury. I'm satisfied with the jury.
 
 
 9
 THE COURT: You're satisfied?
 
 
 10
 MR. ANDERSON: Yes.
 
 
 11
 * * *
 
 
 12
 THE COURT: You feel comfortable? You feel you're getting a fair shot?
 
 
 13
 MR. ANDERSON: Yeah.
 
 
 14
 Trial Transcript, pp. 19-21. (Emphasis added.) This claim lacks merit.
 
 
 15
 Finally, Anderson questions the weight of evidence in support of the jury's verdict. The record shows that Anderson did not make a motion for a judgment as a matter of law under Fed.R.Civ.P. 50 at any time. Resultantly, this issue has been waived and is not subject to appellate review. Dixon v. Montgomery Ward, 783 F.2d 55, 55 (6th Cir.1986) (pre-1991 version of Civil Rules). The record nonetheless contains ample evidence in support of defendant's version of the incident, namely, that Anderson became unruly in the hearing, two officers pushed him down and escorted him to a quiet cell and he suffered no discernable injuries from the altercation. The appeal is without merit.
 
 
 16
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.