82 F.3d 418
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Iweka E. OKPARAOCHA, Plaintiff-Appellant,
v.
TACO BELL CORPORATION, Defendant-Appellee.
 No. 95-3505.
 United States Court of Appeals, Sixth Circuit.
 April 4, 1996.
 
 1
 Before: NORRIS and COLE, Circuit Judges, and HULL, District Judge.*
 
 ORDER
 
 2
 Iweka E. Okparaocha, a pro se Ohio plaintiff, appeals a district court judgment dismissing his national origin and race discrimination suit filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Civil Rights Act of 1991, 42 U.S.C. § 1981a. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and injunctive relief, Okparaocha, a black Nigerian male, sued his former employer, Taco Bell Corporation, asserting claims of discrimination based on national origin and race. Upon consideration of Taco Bell's motion for summary judgment and the magistrate judge's recommendation, the district court denied the motion as to Okparaocha's Title VII claim, but granted summary judgment to Taco Bell on Okparaocha's 1991 Civil Rights Act claim. Both parties then consented under 28 U.S.C. § 636(c)(1) to having the magistrate judge enter the final decision on the case. Following a bench trial, the magistrate judge entered a judgment in favor of Taco Bell on the Title VII claim.
 
 
 4
 Okparaocha has filed a timely appeal, arguing that the judgment on the Title VII claim was against the weight of the evidence. 28 U.S.C. § 636(c)(3); Fed.R.App.P. 3.1.
 
 
 5
 Upon review, we conclude that Okparaocha has not preserved for appeal his challenge to the weight of the evidence in support of the district court's judgment. We review such issues from a district court's rulings on either a motion for a new trial or a motion for a judgment as a matter of law. See United States v. L.E. Cooke Co., 991 F.2d 336, 343 (6th Cir.1993) (reviewed on motion for new trial); Dixon v. Montgomery Ward, 783 F.2d 55, 55 (6th Cir.1986) (reviewed on motion for new trial or judgment NOV). However, the record does not reflect that Okparaocha filed either a motion for a new trial or a motion for a judgment as a matter of law.
 
 
 6
 Even if Okparaocha had preserved the issue for appeal, we would still affirm the district court's judgment. In the absence of a transcript of the trial, we accept the district court's findings of fact in their entirety. See Hawley v. City of Cleveland, 24 F.3d 814, 821-22 (6th Cir.1994); King v. Carmichael, 268 F.2d 305, 306 (6th Cir.1959) (per curiam), cert. denied, 361 U.S. 968 (1960).
 
 
 7
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas G. Hull, United States District Judge for the Eastern District of Tennessee, sitting by designation