96 F.3d 1449
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Illya N. WATKINS, Plaintiff-Appellant,
v.
Larry EVANS; et al., Defendants-Appellees.
 No. 95-4162, 95-4341.
 United States Court of Appeals, Sixth Circuit.
 Sept. 3, 1996.
 
 N.D.Ohio, Nos. 93-01408, 93-01452, 93-01562; David D. Dowd, Jr., Judge.
 N.D.Ohio
 AFFIRMED.
 Before: GUY, RYAN, and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 In these consolidated cases, Illya N. Watkins, an Ohio prisoner proceeding pro se, appeals a district court judgment and a jury verdict in favor of the defendants in his civil rights actions filed under 42 U.S.C. § 1983. These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In Case No. 95-4162, Watkins sued a corrections officer (Sgt. Hays) at the Richland County Jail, where he was then incarcerated as a pretrial detainee, for allegedly using excessive force on July 6, 1993, in an attempt to remove Watkins's hands and arms from his food tray slot. In Case No. 95-4341, Watkins sued four corrections officers (Evans, Santoro, Zehner, and Benavides), a deputy sheriff (Sgt. Wentz), and the Richland County Sheriff (Stierhoff) for allegedly using excessive force during a May 29, 1993, transfer to disciplinary segregation at the Richland County Jail. Watkins sought monetary damages and injunctive relief. In two amended complaints, Watkins added as defendants the City Law Director of Mansfield, Ohio, the Richland County Commissioners, and the Richland County Jail Administrator. All defendants moved for summary judgment, and the six corrections officers submitted supporting affidavits. Watkins filed a response, to which was attached his own affidavit, jail incident reports, and medical reports.
 
 
 3
 In an order and judgment filed on September 27, 1995, the district court granted summary judgment in favor of the city law director, the sheriff, the jail administrator, the county commissioners, and officers Santoro, Zehner, and Hays. The district court denied the motion for summary judgment as to defendants Evans, Benavides, and Wentz after concluding that genuine issues of material fact remained as to whether these three officers used excessive force to subdue Watkins during the May 29th transfer to a disciplinary cell. On November 16, 1995, a jury rendered a verdict in favor of these three remaining defendants. The district court's judgment was filed the next day. Watkins's motion for judgment notwithstanding the verdict or for a new trial was denied in an order filed on November 30, 1995.
 
 
 4
 On appeal, in Case No. 95-4162, Watkins argues that the district court erred in granting summary judgment to defendant Hays. In Case No. 95-4341, Watkins raises six issues: (1)-(2) the district court erred in granting summary judgment to the sheriff, jail administrator, and county commissioners, (3) the district court erred in granting summary judgment to defendants Santoro and Zehner, (4) the district court erred in not permitting Watkins to call all of his witnesses, (5) the jury's verdict was against the manifest weight of the evidence, and (6) the district court erred in denying his motion for judgment notwithstanding the verdict or for a new trial. The appellees have filed a motion to strike exhibits 2 and 3, attached to Watkins's reply brief in Case No. 95-4162.
 
 
 5
 Upon review, we grant the motion to strike because the challenged exhibits were not part of the record before the district court. We affirm the district court's partial grant of summary judgment for the reasons stated therein. Finally, we affirm the district court's judgment as to defendants Evans, Benavides, and Wentz because the verdict was not against the manifest weight of the evidence and the district court did not prevent Watkins from calling one of his proposed witnesses.
 
 
 6
 Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); accord Harrow Prods., Inc. v. Liberty Mut. Ins. Co., 64 F.3d 1015, 1019 (6th Cir.1995). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). When reviewing a summary judgment decision, the appellate court must confine its review to the evidence as submitted to the district court. Landefeld v. Marion Gen. Hosp., 994 F.2d 1178, 1181 (6th Cir.1993). For this reason, the appellees' motion to strike is granted.
 
 
 7
 The Eighth Amendment serves as the primary source of protection for a convicted prisoner who asserts a claim of excessive force. Whitley v. Albers, 475 U.S. 312, 327 (1986). As a pre-trial detainee at the time of the incidents complained of, Watkins is entitled to the same protection under the Eighth Amendment by way of the Fourteenth Amendment's Due Process Clause. See Whitley, 475 U.S. at 327; Bell v. Wolfish, 441 U.S. 520, 535 (1979). Thus, the appropriate test is whether the defendants caused "the unnecessary and wanton infliction of pain." See Whitley, 475 U.S. at 319; Moore v. Holbrook, 2 F.3d 697, 700 (6th Cir.1993). To ascertain whether excessive force was used under the Eighth Amendment, the court must determine whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Hudson v. McMillian, 503 U.S. 1, 7 (1992); Moore, 2 F.3d at 700. Such a claim has both an objective and a subjective component. Farmer v. Brennan, 114 S.Ct. 1970, 1977 (1994); Moore, 2 F.3d at 700. The objective component requires that the pain be serious. Hudson, 503 U.S. at 8-9; Moore, 2 F.3d at 700. The subjective component requires that the offending, non-penal conduct be wanton. Wilson v. Seiter, 501 U.S. 294, 297-300 (1991); Moore, 2 F.3d at 700.
 
 
 8
 Applying this standard, the district court did not err in granting summary judgment to Sgt. Hays. As to the objective component for a viable Eighth Amendment claim, Watkins claimed that his wrists were red and swollen, but did not require medical attention. As to the subjective component, there is no question but that Hays's actions were not wanton, but were a necessary and reasonable response to Watkins's admitted intransigence in the face of a direct order to remove his arms from the food slot. The district court did not err in determining that no reasonable jury could find that Sgt. Hays's conduct amounted to the unnecessary and wanton infliction of pain and that Hays was, thus, entitled to summary judgment.
 
 
 9
 The district court also properly granted summary judgment to the sheriff, jail administrator, and county commissioners. Watkins attempts to hold these county defendants liable on the basis of deliberate indifference, respondeat superior, or failure to train. The doctrine of respondeat superior does not apply in § 1983 lawsuits to impute liability onto supervisory personnel; rather, in order to find those persons liable, Watkins must allege that the supervisors condoned, encouraged, or knowingly acquiesced in the alleged misconduct. See Taylor v. Michigan Dep't of Corrections, 69 F.3d 76, 80-81 (6th Cir.1995); Walton v. City of Southfield, 995 F.2d 1331, 1340 (6th Cir.1993). He does not do so. Municipalities and other governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged deprivation. Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 691 (1978); Deaton v. Montgomery County, Ohio, 989 F.2d 885, 889 (6th Cir.1993). There is no evidence that the county or jail had a policy or custom which caused Watkins's alleged constitutional deprivation. Instead, the undisputed evidence is that a policy on the controlled use of force was in place and that the defendant corrections officers had all completed at least some training in that policy. This circuit has held that "[i]n order to hold the County liable under § 1983 for failure to train adequately, the plaintiff must prove that the training program is inadequate to the task an officer must perform; that the inadequacy is the result of deliberate indifference; and that the inadequacy is 'closely related to' or 'actually caused' the plaintiff's injury." Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir.1994) (quoting City of Canton, Ohio v. Harris, 489 U.S. 378, 390-91 (1989)). Watkins has simply not met this burden and summary judgment for the sheriff, jail administrator, and county commissioners was appropriate.
 
 
 10
 The district court did not err in granting summary judgment to defendants Santoro and Zehner because Watkins himself testified that they did nothing to violate his civil rights.
 
 
 11
 Watkins next complains that the district court erred in not permitting him to call a particular witness. This assertion is inaccurate. Subpoenas were issued for the witnesses identified by Watkins, including William Smith, the witness who did not testify. Smith could not be located by the U.S. Marshals; all of the witnesses located by the U.S. Marshals were permitted to testify. Moreover, it appears from Watkins's own statements that, far from being a crucial witness, Smith's testimony would have been cumulative.
 
 
 12
 Watkins's challenge to the jury's verdict in favor of defendants Evans, Benavides, and Wentz as against the weight of the evidence is reviewed on appeal from the district court's ruling denying Watkins's motion for judgment notwithstanding the verdict (now properly called a motion for judgment as a matter of law, see Fed.R.Civ.P. 50(b)) or for a new trial. See United States v. L.E. Cooke Co., 991 F.2d 336, 343 (6th Cir.1993); Dixon v. Montgomery Ward, 783 F.2d 55, 55 (6th Cir.1986).
 
 
 13
 This court reviews a motion for judgment as a matter of law de novo and uses the same test as used by the district court. Miller's Bottled Gas, Inc. v. Borg-Warner Corp., 56 F.3d 726, 734 (6th Cir.1995). When reviewing a motion for a judgment as a matter of law, the court should not weigh the evidence, evaluate the credibility of witnesses, or substitute its judgment for that of the jury; rather, it must view the evidence in a light most favorable to the party against whom the motion is made, and give that party the benefit of all reasonable inferences. Miller's Bottled Gas, Inc., 56 F.3d at 734. An examination of the record indicates that Watkins has failed to show that the verdict was against the manifest weight of the evidence.
 
 
 14
 A ruling on a motion for a new trial attacking the verdict as against the weight of the evidence is reviewed for abuse of discretion. L.E. Cooke Co., 991 F.2d at 343; Woodbridge v. Dahlberg, 954 F.2d 1231, 1234 (6th Cir.1992). Unlike motions for judgment as a matter of law, upon ruling on a motion for a new trial, the court should weigh the evidence. L.E. Cooke Co., 991 F.2d at 343; Woodbridge, 954 F.2d at 1234. The district court did not abuse its discretion in this instance.
 
 
 15
 Accordingly, the motion to strike exhibits 2 and 3, attached to Watkins's reply brief, is granted. The district court's judgments, filed on September 27, 1995, and November 17, 1995, are affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.