101 F.3d 703
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juan SANCHEZ, a/k/a John Sanchez, Defendant-Appellant.
 No. 95-1649.
 United States Court of Appeals, Sixth Circuit.
 Nov. 20, 1996.
 
 Before: MARTIN, Chief Judge; KEITH and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 This is a direct appeal from a criminal conviction. The parties have agreed to waive oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1994, Juan Sanchez was charged with threatening to retaliate against a person for giving testimony in an official proceeding, in violation of 18 U.S.C. § 1513(a). Sanchez was tried to a jury, found guilty as charged and given a 41 month term of imprisonment. This appeal followed and the parties have briefed the issues through counsel.
 
 
 3
 The charge stemmed from a chance meeting between Sanchez and an individual (Donald Beall) who had been a witness at a trial that resulted in the criminal conviction of Sanchez's father-in-law. Beall, his wife and his mother-in-law all testified to the effect that Sanchez and others confronted Beall on September 14, 1994. They gave an account of Sanchez and others approaching Beall on the street and making threats against his life in express retaliation for testifying at the trial of Sanchez's father-in-law. Sanchez took the stand and denied that he provoked the incident or that he directed any threats toward Beall.
 
 
 4
 The jury found Sanchez guilty as charged and Sanchez's counsel did not make any post-verdict motions. The court later calculated Sanchez's guideline sentence range as 41-51 months, including a 2 point enhancement pursuant to USSG § 3C1.1 for obstruction of justice (trial perjury) and sentenced Sanchez at the lowest end of that range.
 
 
 5
 On appeal, counsel for Sanchez advances three grounds for relief:
 
 
 6
 1) Whether the jury's verdict was plain error where Sanchez denied having the specific intent to retaliate against a federal witness;
 
 
 7
 2) Whether the district court erred in concluding that Sanchez had committed perjury for guideline sentencing purposes; and,
 
 
 8
 3) Whether the district court acted under the erroneous impression that it lacked the authority to effect a downward departure at sentencing.
 
 
 9
 The first assignment of error is a clear challenge to the sufficiency of the evidence supporting the jury's verdict, that is, it is nothing more than an assertion that Sanchez's testimony is more worthy of belief than that of his accusers. This court will entertain this issue only from a district court's rulings on either a motion for a new trial or a motion for a judgment as a matter of law. See United States v. L.E. Cooke Co., 991 F.2d 336, 343 (6th Cir.1993) (motion for new trial); Dixon v. Montgomery Ward, 783 F.2d 55, 55 (6th Cir.1986) (motion for new trial or judgment notwithstanding the verdict). Counsel for Sanchez, however, does not dispute that trial counsel did not make either of the two aforementioned motions. The evidence supporting the verdict is therefore not in issue in this appeal absent plain error. In light of the ample evidence of Sanchez's express threats of death directed to Beall, it cannot be said that, even if any error occurred in this regard, it qualified as plain error.
 
 
 10
 Sanchez's second assignment of error is that the district court's findings of fact were inadequate in support of the decision to enhance Sanchez's base offense level pursuant to USSG § 3C1.1 after concluding that Sanchez committed perjury at trial. A 2 level enhancement is called for under § 3C1.1 if a district court finds that the defendant willfully impeded the administration of justice by committing perjury during the course of the trial. United States v. Dunnigan, 507 U.S. 87, 92-95 (1993). The sentencing court must, however, "review the evidence and make independent findings necessary to establish" the perjury. Id. at 95. The sentencing judge must identify with specificity what portions of the defendant's testimony he found to be perjurious so that a reviewing court has more than an inference to guide it to the statements found to be untrue. United States v. Spears, 49 F.3d 1136, 1143-44 (6th Cir.1995).
 
 
 11
 The present record provides sufficient information under Dunnigan and Spears for meaningful appellate review. The court set forth, in detail, the specific portions of Sanchez's testimony that were incredible. These instances included self-contradictory statements, times that Sanchez's testimony was inherently incredible, and accounts that were in direct conflict with testimony the court found to be more worthy of belief. Sanchez does not suggest (and it does not otherwise appear) that the court was mistaken in its recollection of the testimony or the context in which it was made. Indeed, the record clearly reflects that the court was constantly consulting the record in this regard to ensure accuracy. This claim lacks merit.
 
 
 12
 Finally, Sanchez contends that the court erred in not recognizing that it had the discretion to effect a downward departure. Counsel for the United States responds that neither Sanchez nor his attorney made a motion for a downward departure. The record supports the government's position. Failure to object to an adverse guideline sentencing decision waives appellate review of that decision. United States v. Cullens, 67 F.3d 123, 124 (6th Cir.1995) (per curiam). The appeal lacks merit.
 
 
 13
 Accordingly, the district court's judgment is affirmed.