**Thomas Edward HOLCOMB,
Plaintiff–Appellant,**

**Elwin Kiern Crosswhite, Plaintiff,**

**v.**

**James M. OLIVER, Defendant–
Appellee.**

City of Memphis, Defendant.

No. 00–6748.

United States Court of Appeals,
Sixth Circuit.

Dec. 3, 2001.

Before GUY and BOGGS, Circuit Judges; CARR, District Judge.*

Thomas Edward Holcomb, proceeding through counsel, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. The parties have waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary damages, Holcomb asserted that, inter alia, defendant Oliver arrested him in violation of his First Amendment right to free speech after Holcomb yelled, "F____ you. I am a m____ f____ American!" Oliver is a police officer in Memphis, Tennessee. The district court denied Oliver's motion for summary judgment on the First Amendment claim and rejected his qualified immunity defense, but granted summary judgment to Oliver on the other claims. The case then proceeded to trial. Although the jury found that Holcomb's protected speech was a substantial or motivating factor in Oliver's decision to arrest him, the jury nonetheless rendered a verdict in favor of Oliver on November 3, 2000, finding that Oliver had probable cause under Tennessee law to arrest Holcomb for disorderly conduct.

In his timely brief, Holcomb essentially argues that probable cause for his arrest did not exist and, alternatively, that proba-

---

* The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

ble cause would not excuse the violation of Holcomb's civil rights.

 We construe Holcomb's argument that probable cause did not exist as a challenge to the weight of the evidence. Holcomb may not pursue his challenge to the weight of the evidence that supports the district court's judgment. This court reviews such a claim by way of either a motion for a new trial or a motion for a judgment as a matter of law. *See United States v. L.E. Cooke Co.*, 991 F.2d 336, 343 (6th Cir.1993); *Dixon v. Montgomery Ward,* 783 F.2d 55, 55 (6th Cir.1986). However, the record does not reflect that Holcomb filed either a motion for a new trial or a motion for a judgment as a matter of law. Thus, Holcomb has not preserved this issue for appeal. Nonetheless, we note that the record shows that probable cause existed for Holcomb's arrest for disorderly conduct, *see* Tenn.Code Ann. § 39–17–305; *Michigan v. DeFillippo,* 443 U.S. 31, 37, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979), as the arrest was based on more than Holcomb's protected use of profanity. *See Sandul v. Larion,* 119 F.3d 1250, 1254–56 (6th Cir.1997); *State v. Creasy,* 885 S.W.2d 829, 831–32 (Tenn.Ct.Crim.App.1994).

 Holcomb's argument that probable cause would not excuse the violation of his civil rights is construed as a challenge to the jury instructions. Holcomb failed to object to the jury instructions at trial. Therefore, he has forfeited his right to raise the alleged error on appeal, and this court will review the jury instructions only for plain error. *See Reynolds v. Green,* 184 F.3d 589, 594 (6th Cir.1999). No plain error occurred as probable cause does insulate a police officer from liability in a § 1983 action. *See Hunter v. Bryant,* 502 U.S. 224, 227–29, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991).

Accordingly, the district court's judgment is affirmed.