**Richard HOLCOMB, Jr.,
Plaintiff–Appellant,**

v.

**MEMPHIS LIGHT GAS & WATER
DIVISION, Defendant–
Appellee.**

No. 02–5901.

United States Court of Appeals,
Sixth Circuit.

June 15, 2004.

Richard Holcomb, Jr., Memphis, TN, pro se.

Elijah Noel, Jr., Michelle M. Drake, Harris, Shelton, Dunlap, Cobb & Ryder, Memphis, TN, for Defendant–Appellee.

Before: RYAN and COOK, Circuit Judges; and CLELAND, District Judge.*

*ORDER*

Richard Holcomb, Jr., a pro se Tennessee plaintiff, appeals a district court judgment dismissing his employment discrimination action filed under Title VII, 42 U.S.C. §§ 2000e, et seq. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Holcomb brought this action against defendant Memphis Light, Gas & Water Division ("MLGW") alleging that MLGW re-

taliated against him for filing a complaint of racial discrimination when it suspended him and ultimately terminated his employment. The undisputed facts are adequately set forth in the district court's order denying MLGW's motion for summary judgment and will not be repeated herein. The district court denied MLGW's motion for summary judgment on February 12, 2002. The case proceeded to trial on February 19, 2002. On February 22, 2002, a mistrial was declared after the jury announced they were unable to reach a verdict. The case was tried before a jury a second time on April 23, 2002. Holcomb was represented by counsel at both trials. The jury returned a verdict in favor of the defendant on April 25, 2002. Judgment was entered June 7, 2002. Holcomb has filed a timely appeal.

Holcomb's informal brief can best be characterized as asserting that the jury's verdict is against the weight of the evidence. Holcomb also appears to challenge evidentiary rulings and jury instructions.

We review a claim that the jury's verdict is against the weight of the evidence by way of either a motion for a new trial or a motion for a judgment as a matter of law. *See United States v. L.E. Cooke Co.,* 991 F.2d 336, 343 (6th Cir.1993); *Dixon v. Montgomery Ward,* 783 F.2d 55, 55 (6th Cir.1986). However, the record does not reflect that Holcomb filed either a motion for a new trial or a motion for a judgment as a matter of law. Thus, Holcomb has not preserved this issue for appeal. Nonetheless, because Holcomb is proceeding pro se, we have reviewed the merits of his claims, and determine that the defendant presented sufficient evidence to establish that it did not retaliate against Holcomb. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668

---

* The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

(1973); *Johnson v. Univ. of Cincinnati,* 215 F.3d 561, 579 (6th Cir.2000).

We review a district court's evidentiary rulings for abuse of discretion, and a district court's judgment will be reversed only if the abuse of discretion caused more than harmless error. *See Trepel v. Roadway Exp., Inc.,* 194 F.3d 708, 716 (6th Cir.1999). We have reviewed the challenged evidentiary rulings and find no abuse of discretion.

Review of the record further shows that Holcomb failed to object to the jury instructions at trial. Therefore, he has forfeited his right to raise the alleged errors on appeal, and this court will review the jury instructions only for plain error. *See Reynolds v. Green,* 184 F.3d 589, 594 (6th Cir.1999). No error occurred.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.