<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>

File Name: 17a0544n.06

Case No. 16-4694

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Sep 29, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| Julious Mosley, Mosley Motel of Cleveland, Inc., | ) ) ) | |
| Plaintiffs-Appellants, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| v. | ) ) | |
| Mayor William Margalis, City of Wickliffe, Ohio, | ) ) ) | |
| Defendants-Appellees. | ) | |

BEFORE: MOORE, WHITE, and DONALD, Circuit Judges.

**BERNICE BOUIE DONALD, Circuit Judge.** Plaintiff Julious Mosley[1] was the owner of plaintiff Mosley Motel of Cleveland, Inc. ("Mosley Motel"), which operated in the City of Wickliffe, Ohio. In April 2014, the City of Wickliffe shut down the Mosley Motel under Wickliffe City Ordinance § 521.10, without notice or a hearing either before or after the closing. Mosley Motel contended, and a jury agreed, that the City of Wickliffe violated Mosley Motel's due process rights. Mosley Motel appeals a jury verdict finding in its favor that the City of Wickliffe violated its due process rights but awarding $0 in damages, later amended by the

---

[1] Julious Mosley is an improper party to this appeal. The district court determined that Mr. Mosley does not have standing to bring the due process claim, and as a result, the jury verdict at issue on appeal was only as to plaintiff Mosley Motel of Cleveland, Inc. Mr. Mosley does not challenge the district court's ruling on standing. Thus, Mr. Mosley lacks standing to appeal as to the issue raised.

district court to $1 in nominal damages. The only issue raised by Mosley Motel on appeal is whether the jury's failure to award damages constitutes "reversible error."

I.

A.

The State of Ohio Fire Marshal regulates hotels, and the State Fire Code states that the owner shall maintain sanitary conditions and fire protection systems. Mosley purchased the Mosley Motel property in 2008. The building was in poor condition, and was not in operation prior to Mosley's purchase. For example, there appeared to be numerous people living in the motel despite only certain rooms being licensed for extended stay, and there was mold on the ceilings, water leaks, the presence of vermin, and prohibited cooking appliances. On April 25, 2014, the City of Wickliffe summarily shut down operations of the motel under § 521.10 due to property habitability defects.

B.

Plaintiffs filed suit against Defendants on April 30, 2014, alleging that § 521.10 is unconstitutionally vague; that Plaintiffs were deprived of their due process rights when Defendants shut down the motel without a hearing; and that Defendants shut down the motel in retaliation for previous lawsuits by Plaintiffs against the City. The district court granted Plaintiffs' motion for partial summary judgment, finding § 521.10 unconstitutionally vague. Following a jury trial, the jury found in favor of Mosley Motel as to the due process claim and in favor of Defendants on the retaliation claim. The jury awarded Plaintiffs $0 in damages, which the district court modified to $1 when it awarded Plaintiffs attorneys' fees.

Mosley Motel appeals a single finding by the jury: the failure to award damages. It argues that this verdict was contrary to the weight of the evidence. (Appellants Br. 6-7.) Mosley

Motel requests that this Court vacate the award of damages, as modified by the district court, and either "remand the matter for trial on the matter of damages only or amend the verdict to accurately assess the injuries directly caused to the Mosley Parties by the City of Wickliffe." (Appellants' Br. 14.)

## II.

There was no objection to the jury's verdict at trial or in a post-trial motion for new trial. This Court's review of civil jury verdicts is "limited to those errors adequately preserved in the trial court." *Young v. Langley*, 793 F.2d 792, 794 (6th Cir. 1986). "Generally speaking, appellate courts do not directly review the actions of juries; they review a trial judge's assessment of the work of the jury through a motion for judgment as a matter of law [or a motion for new trial], allowing the trial judge who had a ring-side view of the witnesses to make a first cut on whether one side or another *must* prevail on the claim." *Maxwell v. Dodd*, 662 F.3d 418, 420 (6th Cir. 2011) (citing *Young*, 793 F.2d at 794). The failure to raise the claim with the district court forfeits the objection on appeal, as this Court has no basis to review the district court's exercise of discretion.[2] *Dixon v. Montgomery Ward*, 783 F.2d 55, 55 (6th Cir. 1986); *see Young*, 793 F.2d at 794 ("The purpose for new trial motions is to give the trial court judge the opportunity to initially correct errors made at trial."). Additionally, to the extent Mosley Motel

---

[2] We recognize that Defendant has not argued that Mosley Motel forfeited this issue by not moving for a new trial below. However, because the failure to preserve this issue has left us with a complete void regarding the district court's assessment of the weight of the evidence, leaving us unable to exercise our appellate function, we will recognize the forfeiture without regard to Defendant's failure to argue the point. *See Pennington v. W. Atlas, Inc.*, 202 F.3d 902, 911 (6th Cir. 2000) (holding that failure to move for a new trial "precludes appellate review" of argument that jury's verdict was against great weight of the evidence); *United States v. Lutz*, 154 F.3d 581, 589 (6th Cir. 1998) (explaining that unlike trial court, role of appellate court is not to sit as "thirteenth juror" and re-weigh evidence but to examine district court's ruling that verdict is not against manifest weight of evidence).

challenges the jury's verdicts on liability and damages as inconsistent, failure to raise this challenge before the jury is discharged waives it. *Radvansky v. City of Olmsted Falls*, 496 F.3d 609, 618 (6th Cir. 2007); *see also Special Learning, Inc. v. Step by Step Acad., Inc*., No. 16-3835, 2017 WL 3822952, at *3 (6th Cir. Sept. 1, 2017).

As Mosley Motel did not raise the issue of damages at trial or in a post-trial motion, we have nothing to review and are prevented from entertaining the issue on appeal. *United States v. Kennedy*, 714 F.3d 951, 959 (6th Cir. 2013).

III.

Accordingly, we **AFFIRM**.