**Robert JONES, Jr., Plaintiff–Appellant,**

v.

**James E. LEWIS and Gary Ashby, Defendants–Appellees.**

No. 90–5998.

United States Court of Appeals, Sixth Circuit.

Argued July 26, 1991.

Decided Feb. 25, 1992.

Ronald D. Ray (argued), John L. Weeks, (briefed), Ray & Weeks, Louisville, Ky., for plaintiff-appellant.

Robert Jones, Jr. (briefed), pro se.

G. Denise DeBerry (argued), City of Louisville, Louisville, Ky., for defendants-appellees.

Before GUY and RYAN, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.

KRUPANSKY, Senior Circuit Judge.

Robert Jones, Jr. (Jones) has appealed a jury verdict in favor of the defendants, the named police officers, upon which the district court entered judgment for the defendants in this civil rights suit initiated pursuant to 42 U.S.C. section 1983. Jones challenged the jury's consideration of Peggy Coffey's consent, if any, to a warrantless entry into her residence to apprehend him, the district court's instruction on that issue, and the sufficiency of the evidence to support the jury's verdict.

The instant appeal is a spin-off from this court's previous decision in *Jones v. Lewis*, 874 F.2d 1125 (6th Cir.1989) (*Jones I*). In *Jones I*, the plaintiff initiated this 1983 action wherein he alleged that the named police officers violated his Fourth Amendment rights by using excessive force in effecting his arrest in the private residence of a third party and his subsequent incarceration. He also charged that the named officers, city officials, and county officials violated his Eighth Amendment rights by consciously denying him medical aid.

The district court in *Jones I* granted partial summary judgment in favor of the named county officials after concluding that the complaint failed to allege the req-uisite conscious indifference to Jones's medical needs necessary to satisfy the pleading requirements mandated by the existing judicial precedent. At the conclusion of the evidence addressing the remaining allegations of his complaint, the trial court directed a verdict in favor of all the named county officials on the remaining causes of action outstanding against them after deciding that Jones had failed to prove they engaged in activities that would have subjected them to Eighth Amendment liability. The causes of action against the police officers were submitted to the jury.

At the conclusion of the first trial, the trial judge refused appellant's request for an appropriate jury instruction addressing his asserted fourth amendment constitutional infringement resulting from the warrantless entry into Coffey's residence after concluding that, as a matter of law, the officers had probable cause to believe that exigent circumstance justified their warrantless entry into the premises and that probable cause of sufficient weight existed to believe Jones had committed a felony to support his warrantless arrest.

The jury returned a verdict in favor of the police officers with a special finding that neither officer had used excessive force in arresting Jones.

Upon appeal, this court reasoned that because the issue of exigent circumstances to enter Coffey's residence without a warrant arose within the context of a civil action for damages, in contrast to a criminal prosecution, and because the facts concerning the warrantless entry were materially in conflict, the factual controversy concerning the warrantless entry into Coffey's dwelling should have been submitted, considered, and decided by the jury pursuant to an appropriate instruction. Accordingly, this court, subsequent to affirming the balance of the district court's disposition, reversed and remanded the case for a retrial directing that "it may be necessary" for the district court to instruct the jury on the question of Jones's standing to assert the Fourth Amendment claim, a question that was not addressed by the parties or the lower court. *Jones I*, 874 F.2d at 1131.

*See Jones I,* 874 F.2d at 1134–35 (Krupansky, J., dissenting) (Jones had failed to prove a prima facie case to support his standing to challenge the officers' warrantless entry into Coffey's home). This court's disposition was tantamount to mandating a retrial of the entire issue of the warrantless entry into Coffey's residence with appropriate jury instructions upon submission of the case for jury resolution.

Upon remand, the trial court submitted the entire issue of the officers' warrantless entry into Coffey's dwelling, including the issue of Coffey's consent, if any, to enter her residence with appropriate instructions. The jury returned a special verdict that included answers to two interrogatories wherein it concluded that Jones had a reasonable expectation of privacy in Coffey's house but that she had consented to the warrantless entry and search of her premises. Because the jury's answer to the second interrogatory was dispositive of the case, it did not respond to the third inquiry concerning the existence of exigent circumstances to justify the warrantless entry into Coffey's house.

On appeal, Jones charged that the district court erroneously exceeded the scope of the appellate mandate in *Jones I* by permitting the jury to consider and decide the issue of Coffey's consent, if any, to enter her private quarters.

Jones has anchored his argument upon general observations incorporated into this court's opinion reversing *Jones I* wherein it remarked: "Both officers approached the residence and knocked on the door. Coffey and a young child answered the door. Coffey falsely advised the officers at the door that Jones was not present. The officers then entered the house without permission and without obtaining an arrest warrant." *Jones,* 874 F.2d at 1126.

■ When the reviewing court, in its mandate, prescribes that a court shall proceed in accordance with the opinion of the reviewing court or that a court shall proceed for the reasons given in the opinion, that pronouncement operates to incorporate the opinion into the mandate. *Bankers Trust v. Bethlehem Steel Corp.,* 761 F.2d 943, 949–50 (3d Cir.1985) ("shall proceed in accordance with opinion" operates to make opinion part of mandate). In determining the scope of an appellate mandate, the majority, concurring, and dissenting opinions may be consulted. *Cherokee Nation v. State of Oklahoma,* 461 F.2d 674, 677 (10th Cir.), *cert. denied,* 409 U.S. 1039, 93 S.Ct. 521, 34 L.Ed.2d 489 (1972). *See Piambino v. Bailey,* 757 F.2d 1112, 1119 (11th Cir.1985) (in interpreting mandate, trial court must consider the opinion and the circumstances it embraces).

■ This "mandate rule" is the specific application of the law of the case doctrine. *Piambino,* 757 F.2d at 1120; *Hawkes v. Internal Revenue Service,* 507 F.2d 481, 482 n. 1 (6th Cir.1974). As with all applications of the law of the case doctrine, the trial court may consider those issues not decided expressly or impliedly by the appellate court or a previous trial court. *Quern v. Jordan,* 440 U.S. 332, 347 n. 18, 99 S.Ct. 1139, 1148 n. 18, 59 L.Ed.2d 358 (1979). *See Cherokee Nation,* 461 F.2d at 677–88 (no case or controversy before Supreme Court unless issue had been decided impliedly by Court).

■ The mandate to the district court in the instant case stated: "For all the foregoing reasons, the district court's judgment is AFFIRMED in part and VACATED in part, and this case is REMANDED for a new trial." *Jones I,* 874 F.2d at 1132. A reading of the appellate majority opinion and the dissent leads inexorably to the conclusion that this court made no determinations on the merits of Jones's case, but simply directed the district court to submit the Fourth Amendment issues, joined in the context of this civil trial, to the jury for consideration and disposition upon appropriate instructions. The issue of consent, and the substantial legal precedent that addresses the issue of a warrantless entry into a private place, figures nowhere in the legal analysis of either the majority opinion or the dissent. Thus, mere repetition of the facts as gleaned from the record below, without a consideration or resolution of the substantive facts of a warrantless entry into a private residence within the context

of consent, cannot be deemed an explicit Fourth Amendment disposition that would be encompassed within the dictates of this court's mandate in *Jones I.*

This court's opinion in *Jones I* supports the conclusion that the appellate mandate conferred wide latitude upon the district court to address the Fourth Amendment issues joined by the warrantless entry into Coffey's residence. In reversing the district court's ruling on exigent circumstances, this court noted that the trial court *may* wish to submit the issue of standing to the jury. It was, thus, entirely appropriate for the trial court, in evaluating the Fourth Amendment claim, to determine that the factual issue of consent, *Schneckloth v. Bustamonte,* 412 U.S. 218, 227–28, 233, 93 S.Ct. 2041, 2048, 2051, 36 L.Ed.2d 854 (1973), should be submitted to the jury on retrial.

■ Although Jones also charged that the trial court's instruction to the jury addressing the issue of consent was incorrect, Jones has unfortunately foreclosed that issue as well as the sufficiency of the evidence to support the jury verdict from this court's consideration. Jones did not object to the submission of the issue of consent to the jury. In addition, Jones did not request a jury instruction directed to the consent issue nor did he object to the defendants' requested instructions. Finally, Jones did not object to those instructions eventually selected and charged by the court. Under Fed.R.Civ.P. 51, since no objections were taken to the district court's action, Jones cannot, at this stage of the proceedings, challenge the jury instructions. *Springfield v. Kibbe,* 480 U.S. 257, 259–60, 107 S.Ct. 1114, 1115–16, 94 L.Ed.2d 293 (1987); *American Anodco, Inc. v. Reynolds Metals Co.,* 743 F.2d 417, 424 (6th Cir.1984).

■ Not only did Jones fail to object at any point during trial to the inclusion of the issue of consent and the trial court's jury instructions, but Jones made no motion for a directed verdict or a motion for judgment notwithstanding the verdict during the proceedings. The lack of such motions also militates against considering the jury instructions on appeal. *Norton v.*

*Colyer,* 828 F.2d 384, 386 (6th Cir.1987). Failure to pursue such motions also precludes this court from considering the sufficiency of the evidence to support the jury's verdict as it relates to the issue of consent. *Gutzwiller v. Fenik,* 860 F.2d 1317, 1330 (6th Cir.1988); *Dixon v. Montgomery Ward,* 783 F.2d 55, 55 (6th Cir. 1986); *Young v. Langley,* 793 F.2d 792, 794–95 (6th Cir.), *cert. denied,* 479 U.S. 950, 107 S.Ct. 436, 93 L.Ed.2d 385 (1986).

■ The factual issue of consent was properly submitted to the factfinder, in this instance, the jury. *Singleton v. Wulff,* 428 U.S. 106, 121, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976); *Taft Broadcasting Co. v. United States,* 929 F.2d 240, 243–44 (6th Cir.1991); *Meador v. Cabinet for Human Resources,* 902 F.2d 474, 477 (6th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 182, 112 L.Ed.2d 145 (1990). Finally, the jury's verdict on the issue of consent was not so clearly and obviously inconsistent with "substantial justice" that this court may address it absent timely objection below. Fed.R.Civ.P. 61; *Taft Broadcasting,* 929 F.2d at 244 (6th Cir.1991); *Meador,* 902 F.2d at 477; *Young,* 793 F.2d at 795.

The district court did not exceed the scope of this court's mandate in *Jones I* by submitting the issue of consent to the jury, and Jones, by his failure to enter timely objections to the trial court's jury instructions or to timely move the court for a directed verdict or a judgment notwithstanding the verdict, failed to preserve the issue of the impropriety of the jury instructions and the sufficiency of the evidence for appellate review. The judgment entered upon the jury verdict in favor of the defendants is AFFIRMED in its entirety for the reasons stated herein.