25 F.3d 1048
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Carroll FOSTER, Plaintiff-Appellant,
v.
OVERBAY TRUCKING INC., Defendant-Appellee.
 No. 93-6177.
 United States Court of Appeals, Sixth Circuit.
 May 16, 1994.
 
 1
 Before NORRIS and DAUGHTREY, Circuit Judges, and GILMORE, Senior District Judge.*
 
 ORDER
 
 2
 Carroll Foster, a Tennessee plaintiff, appeals a district court judgment in favor of the defendant in his personal injury action filed under the court's diversity jurisdiction. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Foster sought damages from his employer (Overbay) to compensate for disabling back injuries allegedly caused when hinged ramps weighing approximately 200 pounds fell backward onto him, pinning him to the ground. He claimed that Overbay was negligent in designing the ramps, in failing to inspect and warn, and in failing to provide a safe workplace. Overbay denied liability, asserting that it had not been negligent and that Foster, who was familiar with the operation of the ramps, had caused his own injuries. After a two-day trial, the jury deliberated 2 1/2 hours and then sent a note to the magistrate judge (who presided by consent of both parties) which said simply, "We cannot decide." After consulting with counsel for both sides, the magistrate judge instructed the clerk to ask the jury to "continue deliberations for a little while longer." Less than half an hour later, the jury returned with a verdict for the defendant.
 
 
 4
 On appeal, Foster argues that the magistrate judge committed reversible error by giving the supplemental instruction which allegedly had the effect of "causing individual jurors to abandon their view points and succumb to the majority view."
 
 
 5
 Upon review, we affirm the district court's judgment because Foster failed to preserve the issue by objecting to the court's supplemental instruction, and because the instruction was not so coercive as to constitute plain error.
 
 
 6
 In the absence of an expressed objection to the jury instructions, this court will not address the question on appeal unless the error is obvious and prejudicial, in which case the court may consider it in the interests of justice. Chonich v. Wayne County Community College, 973 F.2d 1271, 1275 (6th Cir.1992) (amended opinion). The court may also consider the question waived if no objection was made to the instruction at trial, and no motion for new trial nor any post-judgment motion was filed in the district court. Jones v. Lewis, 957 F.2d 260, 263 (6th Cir.), cert. denied, 113 S.Ct. 125 (1992).
 
 
 7
 Foster clearly waived the issue he raises on appeal because he not only did not object to the magistrate judge's instruction to the jury to continue deliberating, but his counsel specifically requested that result. There is absolutely no indication in the record that the court's brief request to continue a little longer, even on a Friday afternoon, was so plainly coercive as to warrant a new trial. Foster's claim that the magistrate judge's communication pressured individual jurors to change their minds is pure speculation.
 
 
 8
 Accordingly, the district court's judgment, entered on August 2, 1993, is affirmed.
 
 
 
 *
 The Honorable Horace W. Gilmore, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation