77 F.3d 482
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard D. LOCKE, Plaintiff-Appellant,
v.
CITY OF COOKEVILLE; Cookeville Police Department; Bill
Benson, Chief of Police; McCoy Shelton, Director
of Public Safety; John Gentry, City
Manager, Defendants-Appellees.
 No. 94-5956.
 United States Court of Appeals, Sixth Circuit.
 Feb. 20, 1996.
 
 Before: BROWN, WELLFORD and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 Richard D. Locke, proceeding pro se, appeals a jury verdict in favor of the defendants in his race discrimination suit filed under Title VII, 42 U.S.C. § 2000e-17, and 42 U.S.C. §§ 1981 and 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and equitable relief, Locke, a black former police officer, sued the City of Cookeville, the Cookeville Police Department, the director of public safety and the city manager, asserting claims of race discrimination in the workplace. At trial, the district court granted the director of public safety's motion for a directed verdict, and the jury concluded that Locke's claims lacked merit and returned a verdict in favor of the remaining defendants.
 
 
 3
 Locke has filed a timely appeal. In a confusing forty-six page brief, Locke appears to challenge various aspects of the trial and asserts that his trial counsel, defense counsel and the judge conspired to deprive him of a fair trial. Essentially, Locke appears to argue that: 1) the jury verdict was against the great weight of the evidence; 2) trial counsel rendered ineffective assistance; and 3) the judge improperly instructed the jury.
 
 I.
 
 4
 Upon review, we conclude that Locke has not preserved for appeal his challenge to the weight of the evidence in support of the jury's verdict. We review such issues from a district court's rulings on either a motion for a new trial or a motion for a judgment as a matter of law. See United States v. L.E. Cooke Co., 991 F.2d 336, 343 (6th Cir.1993) (reviewed on motion for new trial); Dixon v. Montgomery Ward, 783 F.2d 55, 55 (6th Cir.1986) (reviewed on motion for new trial or judgment NOV). However, the record does not reflect that Locke filed either a motion for a new trial or a motion for a judgment as a matter of law. Thus, he has not preserved this issue for appeal.
 
 
 5
 Nonetheless, because Locke is proceeding pro se, we have reviewed the merits of his claim, and determined that the defendants presented sufficient evidence to establish that they did not discriminate against Locke. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 800-04 (1973).
 
 II.
 
 6
 Locke's second claim lacks merit. Locke challenges various aspects of his trial counsel's performance. Specifically, he challenged counsel's failure to call witnesses and his participation in an alleged conspiracy with opposing counsel and the trial judge. A plaintiff simply does not have a Sixth Amendment right to counsel in a civil case. See Lavado v. Keohane, 992 F.2d 601, 605-06 (6th Cir.1993). Consequently, litigants in civil proceedings may not attack adverse judgments on the grounds of ineffective assistance of counsel. See Friedman v. Arizona, 912 F.2d 328, 333 (9th Cir.1990), cert. denied, 498 U.S. 1100 (1991).
 
 III.
 
 7
 Finally, Locke has waived his right to challenge the jury instructions. Locke argued that the trial judge omitted an instruction on retaliatory discharge. He also argued that the trial judge should have charged the jury before rather than after closing arguments. However, because Locke did not object at trial to the jury instructions, he may not challenge the jury instructions on appeal. See Fed.R.Civ.P. 51; Jones v. Lewis, 957 F.2d 260, 263 (6th Cir.), cert. denied, 113 S.Ct. 125 (1992). In addition, Rule 51 also permits the trial judge to instruct the jury either before or after closing arguments.
 
 
 8
 Upon review, we affirm the jury's verdict in favor of the defendants. Rule 9(b)(3), Rules of the Sixth Circuit.