**HUFFY CORPORATION,**
**Plaintiff–Appellant,**

v.

**ARAI INDUSTRIAL COMPANY,**
**LTD., Defendant–Appellee.**

No. 00–3101.

United States Court of Appeals,
Sixth Circuit.

Feb. 5, 2001.

Before NORRIS, SILER, and BRIGHT, Circuit Judges.

PER CURIAM.

Plaintiff, Huffy Corporation ("Huffy"), appeals the district court's grant of sum-

mary judgment to defendant, Arai Industrial Company, Ltd. ("Arai"), in this diversity contractual indemnification action. Huffy argues that the lower court erred in finding there is no genuine issue of material fact regarding which company is responsible for a design defect in a bicycle braking system alleged in a separate product liability case against Huffy. It further argues that the district court erred in concluding that the law of the case required judgment as a matter of law in Arai's favor. For the following reasons, we AFFIRM.

## BACKGROUND

We hereby adopt the comprehensive facts and procedural background of this matter as set forth in *Huffy Corp. v. Arai Industrial Co., Ltd.*, No. 98–3653, 1999 U.S.App. LEXIS 17963, 1999 WL 552613 (6th Cir. July 26, 1999) (unpublished) ("*Huffy I*").

In summary, Huffy was sued in a products liability action alleging that the plaintiff's injuries were caused by a hand brake malfunction on a Huffy "Sweet Style" 10–speed bicycle. Huffy had contracted with Arai to manufacture the component brake parts used on the "Sweet Style" bicycle and sought defense from Arai according to the indemnity and warranty clause contained in their purchase order agreement. Huffy brought this action against Arai in the district court, seeking declaratory relief and compensatory damages for its failure to defend and/or indemnify Huffy according to this agreement. The magistrate judge held that Arai had a contractual duty under the clause to defend and indemnify Huffy in the product liability case.

On appeal by Arai, this court reversed the grant of summary judgment to Huffy holding that:

[T]he design defect at issue was the integration of the braking system, in particular, the integration of the brake bodies to the handlebars. Huffy selected this design and used it for its own economic benefit. All of the evidence in this case implicates the integration of the braking system components for which Huffy should be held responsible.

*Huffy Corp.*, 1999 U.S.App. LEXIS 17963, at \*15–16. On remand, the district court granted Arai's motion for judgment as a matter of law pursuant to Fed.R.Civ.P. 54 and 58.

## STANDARD OF REVIEW

This court reviews *de novo* the district court's grant of summary judgment to defendant. *See Smith v. Ameritech*, 129 F.3d 857, 863 (6th Cir.1997). "If the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying this standard, the court must read the record in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## DISCUSSION

Huffy argues that this court did not address the merits of Arai's summary judgment motion in *Huffy I* and its mandate is limited to the reversal of the district court's grant of summary judgment to Huffy. *See Mutual Life Ins. Co. of New York v. Hill*, 193 U.S. 551, 24 S.Ct. 538, 48 L.Ed. 788, syll. (1904), and *Chas. Wolff Packing Co. v. Court of Indus. Relations of Kansas*, 267 U.S. 552, 45 S.Ct. 441, 69 L.Ed. 785, syll. ¶ 3 (1925) (cited for the proposition that a "reversal" by an appel-

late court is an adjudication only of matters expressly discussed and decided). It claims that the district court erred in interpreting *Huffy I* as grounds for granting summary judgment to Arai under the law of the case doctrine. Huffy argues that there remains a genuine issue of material fact as to which company, Huffy or Arai, is responsible for the alleged design defect in the braking system claimed in the products liability case.

 "The 'law of the case' doctrine holds that once an appellate court has ruled on a particular issue, absent exceptional circumstances, the ruling is final and must be followed by the district court on remand." *See Miles v. Kohli & Kaliher Associates, Ltd.,* 917 F.2d 235, 241 (6th Cir.1990) (citations omitted). *Huffy I* addressed the question of whether the fact situation in the products liability claim against Huffy was covered by the indemnity and warranty clause. *See Huffy Corp.,* 1999 U.S.App. LEXIS 17968, at *11. In the context of the indemnity provision as a whole, this Court interpreted the exception language, "design (if not [Huffy's])," to require Arai to indemnify Huffy for Arai's design defects alone. *See id.* at *13–14. Based on the expert testimony presented, "the design defect at issue was the design in the integration of the braking system, in particular, the integration of the brake bodies to the handlebars." *Id.* at *14. This court clearly held that "[a]ll of the evidence in [*Huffy I*] implicates the integration of the braking system components for which Huffy should be held responsible." *Id.* at *15–16.

Under our mandate, the district court was directed to proceed in accordance with *Huffy I* upon remand. *See Jones v. Lewis,* 957 F.2d 260, 262 (6th Cir.1992). Under the law of the case, the district court could consider those issues not decided expressly or impliedly by this court's decision. *See*

*id.* Huffy argues that there is a genuine issue of fact regarding Arai's responsibility for the alleged design defect in the braking system based on affidavits it submitted for the district court's earlier consideration of the cross-motions. In reviewing Arai's motion, the district court was presented with the same issues of design defect and party responsibility addressed in *Huffy I.* Huffy presents no new evidence or other exceptional circumstance to warrant a reconsideration of these issues. *See Miles,* 917 F.2d at 241 n. 7. Based on the law of the case, the district court correctly determined that there is no genuine issue of material fact and properly granted summary judgment to Arai.

AFFIRMED.