NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0740n.06
Filed: August 24, 2005

Case No. 03-4000

## UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JENNIE NIEVES, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| CITY OF CLEVELAND; MARTIN FANO, | ) | DISTRICT OF OHIO |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |
| _____ | ) | |

BEFORE: NORRIS and BATCHELDER, Circuit Judges; MILLS[*], District Judge.

ALICE M. BATCHELDER, Circuit Judge. On September 27, 2000, Plaintiff-Appellant

Jennie Nieves filed a four-count complaint pursuant to 42 U.S.C. § 1983 against her former landlord,

Defendant-Appellant Martin Fano, and several other defendants. During the proceedings below,

Fano moved the district court to impose sanctions under Fed. R. Civ. P. 11 upon Nieves and her

counsel, Myron Watson, for filing a frivolous complaint. Following the district court's imposition

of sanctions, Nieves appealed to this court, and we vacated the district court's judgment granting

Rule 11 sanctions and remanded for further proceedings. On remand, the district court granted Fano

attorney fees and costs of $10,970.55 against Nieves and Watson, jointly and severally, which

included all attorneys fees and expenses incurred by Fano in defending the action, including all costs

---

[*]The Honorable Richard Mills, United States District Judge for the Central District of
Illinois, sitting by designation.

associated with the original appeal. Because we conclude that the district court did not abuse its discretion in imposing sanctions related to the attorney fees incurred by Fano in defending against Nieves's complaint in the district court, we AFFIRM. However, because the district court had no authority to impose sanctions related to the attorney fees incurred by Fano in defending against Nieves's appeal, we REVERSE that portion of the district court's decision.

## I.

Jennie Nieves is a former occupant and tenant of a property owned by Martin Fano. Nieves violated the terms of her lease, and Fano sought and obtained from the Cleveland Municipal Court, Housing Division, an order of eviction. Despite the eviction order, Nieves sought to reenter Fano's property. In so doing, she allegedly harassed tenants by making racial slurs against them, broke a door, and threw a brick through a window. The police department investigated and a Cuyahoga County Grand Jury returned a criminal indictment against Nieves on charges of burglary, vandalism, and ethnic intimidation. These charges were ultimately dismissed.

On September 27, 2000, Nieves filed a four-count complaint pursuant to 42 U.S.C. § 1983 against the City of Cleveland, the Cleveland Police Department, William P. Mason, Martin Fano, and two John Doe police officers, alleging unlawful arrest and detention in violation of the Fourth and Fourteenth Amendments ("Count I"); harassment in violation of the Fourteenth Amendment ("Count II"); malicious prosecution in violation of Ohio law ("Count III"); and intentional infliction of emotional distress in violation of Ohio law ("Count IV"). Nieves alleges that her indictment by the grand jury was the result of a conspiracy among the defendants to harass her in retaliation for her refusal to accept Fano's sexual advances.

2

In response to Nieves's amended complaint, the City of Cleveland and the Cleveland Police Department ("Municipal Defendants") filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or in the alternative a motion for a more definite statement. Fano filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). In an order dated April 2, 2001, the district court denied the Municipal Defendants' motion to dismiss, but granted the motion for a more definite statement[1]; the claims against William P. Mason, the Cuyahoga County Prosecutor, and the Cuyahoga County Prosecutor's Office were dismissed with Nieves's consent; and the district court granted in part Fano's motion for judgment on the pleadings, and dismissed Counts I, II and III against Fano. At the district court's direction, Nieves filed a second amended complaint. The City of Cleveland thereafter moved for summary judgement as to Counts I, II, III and IV, and Fano moved for summary judgment on Count IV.

Prior to the district court's summary judgment ruling, Fano sent a letter to Watson pursuant to Rule 11(c)(1)(A) providing him with 21 day "safe harbor" notice in which to withdraw the complaint or face a motion for sanctions. Watson did not respond, and on August 2, 2001, Fano filed a motion for Rule 11 sanctions, seeking attorneys fees because Nieves and Watson had erroneously filed claims under § 1983 against Fano–a private individual. The district court subsequently ordered Nieves to show cause why Fano's motion for sanctions should not be granted and it granted each defendant's motion for summary judgment. Nieves failed to respond to the district court's inquiry. Consequently, on October 24, 2001, the district court ruled that neither Nieves nor Watson had "produced any relevant argument, law or evidence to oppose [] Fano's"

---

[1]The district court also ruled that the Cleveland Police Department was not *sui juris*, and dismissed it as a party to the action, leaving only the City of Cleveland as a defendant.

motion for sanctions under Rule 11. The district court thereafter awarded Fano $5,000.00 in attorney fees representing those costs associated with defending against Counts I and II (the § 1983 actions).

Nieves appealed the imposition of sanctions arguing that the district court erred by departing from prescribed procedures in granting Fano's motion for Rule 11 sanctions. In an order dated December 11, 2002, we concluded, without addressing the merits of the district court's decision to impose Rule 11 sanctions, that the district court had failed to comply with Rule 11(c)(3), which provides that, "[w]hen imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed." We therefore vacated the district court's judgment and remanded the case for further proceedings consistent with the requirements of Rule 11.

Following remand, Fano submitted a motion for additional Rule 11 sanctions based on the frivolity of the claim for intentional infliction of emotional distress. The district court explained that each of Nieves's allegations against Fano was legally groundless; that the claims were presented for an improper purpose, namely, to harass and maliciously injure Fano; that Watson had failed to undertake the requisite investigation to support the allegations in the complaint and that Nieves's factual contentions had little evidentiary support; that the complaint lacked credibility and truthfulness; and that no reasonably prudent attorney would have brought claims under § 1983 against a private individual. The district court further found that the rates of $150 and $165 per hour charged by Fano's attorneys to defend him were reasonable for attorneys with the background, experience and expertise of Fano's attorneys. The district court subsequently granted Fano's motion for Rule 11 sanctions, awarding against Nieves and Watson, jointly and severally, attorney fees of

4

$10,970.55 for all attorneys fees and expenses incurred by Fano as a result of the lawsuit's being filed, including all costs associated with the appeal. This appeal followed.

## II.

The test for the imposition of Rule 11 sanctions is whether the attorney's conduct was objectively reasonable under the circumstances. *Jackson v. Law Firm of O'Hara, Ruberg, Osborne and Taylor*, 875 F.2d 1224, 1229 (6th Cir. 1989). Because the district court knows best how to regulate its forum, it has broad discretion in determining when a sanction is warranted and what sanction is appropriate. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 404 (1990). We review all aspects of the district court's Rule 11 determination for an abuse of discretion. *Id*. at 405. A district court necessarily abuses its discretion if it bases "its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Id*.

Rule 11 generally requires an attorney to conduct a reasonable inquiry into the relevant law and facts before signing pleadings, written motions, or other documents, and it prescribes sanctions for violations of these obligations. *See* FED. R. CIV. P. 11(a)-(c). Specifically, Rule 11(b) provides:

> (b) Representations to Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

5

FED. R. CIV. P. 11(b)(1)-(4). Rule 11(c)(1)(A) also requires that the party seeking sanctions must provide "safe harbor" notice by serving the Rule 11 motion on the opposing party at least 21 days before filing the motion with the district court, and sanctions may only be sought if the offending filing is not withdrawn or corrected within 21 days after service of the motion. FED. R. CIV. P. 11(c)(1)(A).

On remand, the district court explained its reasons for imposing Rule 11 sanctions both in a written order and at an evidentiary hearing. The court found that Nieves's entire complaint lacked evidentiary support and that the filing of such legally and factually baseless claims served only to harass and maliciously injure Fano. According to the district court, the filing of § 1983 claims against a private individual is a *per se* violation of Rule 11. As for the malicious prosecution and intentional infliction of emotional distress claims, the court found that Nieves, through Watson, presented no evidence to support her claims and that it was unlikely counsel could ever produce such evidence. The court specifically found that Watson did not do any reasonable investigation to establish the truth of plaintiff's claims, but only blindly relied on his client's accusations.

Watson makes three unavailing arguments to refute the district court's finding that he violated Rule 11. First, Watson makes the incredible claim that he never filed any § 1983 actions against Fano. But Watson was permitted to amend Nieves's complaint *twice*, and in each version he sought damages on the § 1983 counts from all "Defendants," including Fano. Watson admitted at the evidentiary hearing that he had carelessly drafted the complaint and that the complaint may have suggested Nieves sought to file § 1983 claims against Fano. He nevertheless urged that it was never his intention to file a § 1983 action against a private individual. The district court correctly responded that such an excuse does not make his conduct any less a violation of Rule 11 because

Fano was forced to hire a lawyer and defend against the frivolous claims. Second, Watson argues that, following our remand, the district court should not have been permitted to award additional attorney fees for the frivolous intentional infliction of emotional distress claim. Yet, under the mandate rule, "the trial court may consider those issues not decided expressly or impliedly by the appellate court or a previous trial court." *Jones v. Lewis*, 957 F.2d 260, 262 (6th Cir. 1992). Neither this court nor the district court had previously addressed whether Rule 11 sanctions were warranted as a result of Nieves's filing Count IV and it was not improper for the district court to revisit that issue. Finally, Watson continually pressed the district court to apply a subjective good faith standard to his conduct. The current version of the rule, however, "establishes an objective standard, intended to eliminate any 'empty-head pure-heart' justification for patently frivolous arguments." FED. R. CIV. P. 11 Advisory Committee Notes (1993 Amendments); *Tahfs v. Proctor*, 316 F.3d 584, 594 (6th Cir. 2003) ("A good faith belief in the merits of a case is insufficient to avoid sanctions.").

After carefully reviewing the record, the applicable law, and the parties' briefs, we are convinced that the district court did not err in its conclusions. There is indeed little, if any, evidentiary support for any of Nieves's claims in this record, and no reasonably prudent attorney, having performed even a modicum of investigation, would have filed those claims. We find the filing of two § 1983 claims against a private individual to be particularly egregious. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("§ 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful") (internal quotations omitted); *Tahfs*, 316 F.3d at 590 ("A Plaintiff may not proceed under § 1983 against a private party"). Watson did not make any argument for an extension, modification, or reversal of existing law, nor did he specifically identify any facts which he would likely be able to support after reasonable discovery. *See* FED R.

7

CIV. P. 11(b)(2) and (3). Watson, on behalf of Nieves, simply filed baseless claims. The district court's ruling that Watson violated Rule 11 and its decision to impose sanctions upon Watson and Nieves therefore was not an abuse of discretion.[2]

### III.

Despite our holding that the district court did not abuse its discretion in granting sanctions against Watson and Nieves, we find that it was not proper to award Fano $10,970.55 in attorney fees, which included fees and costs associated with defending against the § 1983 claims, the malicious prosecution claim, and the intentional infliction of emotional distress claim, as well as fees and costs incurred as a consequence of the original appeal to this court. Awarding fees and costs, or any sanction for that matter, associated with Nieves's appeal of the imposition of Rule 11 sanctions, constituted an erroneous ruling on the law and was an abuse of discretion. "The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). In *Webster v. Sowders*, we declared that there is a "fairly clear separation between conduct on appeal sanctionable by the appellate court and conduct in the trial court sanctionable by the trial court." 846 F.2d 1032, 1040 (6th Cir. 1988). The district court has no authority under Rule 11 to sanction a party or a lawyer for filing even a frivolous appeal. *See id.* Indeed, our position was confirmed by the Supreme Court in *Cooter & Gell* in which the court held that "Rule 11 does not authorize a district court to award attorney's fees incurred on appeal." *Cooter & Gell*, 496 U.S. at 409. The Supreme Court reasoned

---

[2]Nieves has not clearly raised the issue of whether Fano's Rule 11 motion was timely under Rule 11(c)(1)(A), and we will not address the question *sua sponte*.

8

that "[n]either the language of Rule 11 nor the Advisory Committee Note suggests that the Rule could require payment for any activities outside the context of district court proceedings." *Id.* at 406. "If the appeal of a Rule 11 sanction is itself frivolous, Rule 38 gives appellate courts ample authority to award expenses." *Id.* at 407. We conclude therefore that the district court had no authority to impose sanctions related to the attorney fees and costs incurred by Fano in defending against Nieves's appeal.

## IV.

For the foregoing reasons, we **AFFIRM** the district court's imposition of Rule 11 sanctions as that ruling relates to reasonable attorney fees and expenses incurred by Fano in defending against Nieves's frivolous complaint in the district court. However, we **REVERSE** the district court's award of attorney fees and expenses incurred by Fano in defending against Nieves's appeal to this court, and we **REMAND** for further proceedings consistent with this opinion.