*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 09a0099p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

CHRISTOPHER J. PAGAN,

              *Plaintiff-Appellee,*

     *v.*

VILLAGE OF GLENDALE, OHIO,

              *Defendant-Appellant.*

No. 08-3679

_____

Appeal from the United States District Court
for the Southern District of Ohio at Cincinnati.
No. 03-00541—Sandra S. Beckwith, District Judge.

Submitted: March 12, 2009

Decided and Filed: March 16, 2009

Before: MARTIN and GILMAN, Circuit Judges; ZOUHARY, District Judge.[*]

_____

## COUNSEL

**ON BRIEF:** Lawrence E. Barbiere, SCHROEDER, MAUNDRELL, BARBIERE & POWERS, Cincinnati, Ohio, for Appellant. Jeff Rowes, William H. Mellor III, INSTITUTE FOR JUSTICE, Arlington, Virginia, Melynda W. Cook-Reich, REPPER, PAGAN, COOK, Middletown, Ohio, for Appellee.

_____

## OPINION

_____

BOYCE F. MARTIN, JR., Circuit Judge. In this appeal, the Village of Glendale, Ohio challenges the district court's entry of final judgment for Plaintiff Christopher Pagan after we issued an en banc decision Pagan's favor. *Pagan v. Fruchey*, 492 F.3d 766 (6th Cir. 2007), *cert. denied*, 128 S. Ct. 711 (2007) ("*Pagan I*"). The question in

_____

[*]The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

this case is what "further proceedings" we instructed the district court to hold when we reversed and remanded Pagan's case for "further proceedings consistent with this opinion" in *Pagan I.   Id.* at 779.  Glendale contends that we meant for the case to "proceed[] as if Glendale's motion for summary judgment had never been filed," and that in refusing to allow Glendale to re-litigate the constitutionality of its statute, the district court misinterpreted our mandate.  But Glendale misreads *Pagan I*.  We decided the merits of Pagan's claim in *Pagan I* in his favor and invalidated the ordinance he challenged.  Accordingly, we AFFIRM.

## I.

In July 2003, Christopher Pagan, a resident of Glendale, Ohio, decided to sell his 1970 Mercury Cougar XR7, so he placed a "for sale" sign in its window and parked it on Sharon Road.  Shortly thereafter, Pagan received a notice from the Glendale police that his car was in violation of Glendale Traffic Code § 76.06, which made it illegal to park a car on the street "for the purpose of  displaying it for sale."  To avoid a citation, Pagan removed the sign.  He then filed suit against Glendale and its Chief of Police Matt Fruchey, alleging that the law was unconstitutional because it infringed upon his First Amendment right to engage in commercial speech.

After discovery, the parties agreed that no material facts remained in dispute and filed cross-motions for summary judgment.  The district court granted Glendale's motion.  Pagan appealed and a panel of this Court affirmed, *Pagan v. Fruchey*, 453 F.3d 784 (6th Cir. 2006), but we subsequently granted Pagan's petition for rehearing en banc. In our en banc decision we held that the district court erred by failing to put the burden on Glendale to establish the constitutionality of the law, and that under the correct standard Glendale had failed to meet this burden.  *Pagan I*, 492 F.3d at 778.  We then remanded the case for "further proceedings consistent with this opinion," *id.* at 779, as the parties had not litigated Pagan's damages.  On remand, Pagan declined to seek compensatory damages, and instead asked only for nominal damages and a declaratory judgment that the  law was unconstitutional.  Finding no material fact in dispute, the

district court entered final judgment for Pagan and awarded him $1 in nominal damages.[1]  Glendale now appeals.

## II.

Glendale notes that the issue appealed in *Pagan I* was whether it was entitled to summary judgment and points to this Court's decision to "reverse and remand for further proceedings consistent with this opinion" as evidence that our remand instructed the district court to "proceed[] as if Glendale's motion for summary judgment had never been filed."[2]  But this language simply incorporates the substance of our opinion, so Glendale begs the question of what "further proceedings" our opinion required.  *See Jones v. Lewis*, 957 F.2d 260, 262 (6th Cir. 1992).

In arguing that we did not decide the merits of Pagan's claim, Glendale misreads *Pagan I*: we did reach the merits of Pagan's claim and we decided them in Pagan's favor, holding section 76.06 unconstitutional.  After explaining that the district court erred in failing to put the burden upon Glendale to establish the that the law "directly and materially advances its regulatory interests," *Pagan I*, 492 F.3d at 770-71, we applied the correct test to Pagan's case: "Upon review of the record, it is clear that the evidence adduced by [Glendale] is insufficient to satisfy [its] burden." *Id.* at 772.  The only evidence Glendale offered in support of its law was an affidavit by Police Chief Matt Fruchey that "fail[ed] to address . . . how the particular restriction chosen by Glendale directly and materially advance[d] [its] interests." *Id.* at 773.  Consequently, we held that the "absence of any evidence of the need for regulation . . . is *fatal to section 76.06*," *id.*

---

[1]Nominal damages are a symbolic recognition of harm that may be awarded without proof of actual harm and "have only declaratory effect." *Morrison v. Bd. of Educ.*, 521 F.3d 602, 610 (6th Cir. 2008).  Because nominal damages follow from the fact of a constitutional violation, the district court had authority to award them based upon our decision in *Pagan I*.

[2]Glendale is correct that a simple reversal of summary judgment would not require the district court to enter judgment for Pagan, but that is not what happened here.  Glendale does not dispute that the en banc Court had the authority to reach the merits of Pagan's case, nor could it.  *See* 28 U.S.C. § 2106; *Trs. of Mich. Laborers' Healthcare Fund v. Gibbons*, 209 F.3d 587, 594-95 (6th Cir. 2000) (holding that courts of appeals have the authority under 28 U.S.C. § 2106 to order summary judgment based upon the record where the appellant did not even *move* for summary judgment).  And this is not a case where the parties were not given a reasonable opportunity to litigate the issue decided by the district court or subsequently on appeal. *See, e.g.*, *Fountain v. Filson*, 336 U.S. 681, 682-83 (1949); *see also Gibbons*, 209 F.3d at 595.

(emphasis added), and declined to address the "narrow tailoring" prong of the test because this lack of evidence was "*dispositive in this case*." *Id.* at 778 (emphasis added). We then ordered a remand. *Id.* at 779. In doing so, we made it clear that we were not remanding the case for additional litigation or factfinding on the merits of the law. After observing that Glendale "has been entirely unwilling" to "provide *some* evidence of the need for regulation," *id.* at 777 (emphasis in original), we explained: "We do not hold Glendale's ordinance invalid because Glendale has failed to produce sufficient evidence. Rather, we simply *cannot uphold the ordinance* without any evidence at all to support the need for its enactment and simultaneously follow what we view as a clear command of the Supreme Court." *Id.* at 777-78 (emphasis added). Our unequivocal language in *Pagan I* removes all reasonable doubt as to our holding or the nature of the remand we ordered: we struck down section 76.06, so a remand that permitted Glendale to re-litigate the merits of Pagan's constitutional claim (or that of some future challenger) simply could not be "consistent" with our opinion.

Glendale suggests that this result is somehow unfair, but it had ample opportunity to defend its law in the district court at the summary judgment stage prior to the appeal in *Pagan I*. Indeed, Glendale's position throughout litigation was that there were no material facts in dispute.[3] Further, the legal standard we adopted in *Pagan I* was the basis for Pagan's motion for summary judgment, and our opinion adopted Pagan's argument that Fruchey's affidavit was insufficient to show that the law "directly and materially" advanced Glendale's interests.[4] Thus, Glendale was on notice to the possibility that it would have to provide evidence to defend its law, and it had a full and fair opportunity to do so. Instead, as Glendale admitted to the district court on remand, it chose not to introduce additional evidence in support of its motion in opposition because it "thought . . . that [it] had sufficient evidence . . . So from [its] view it wasn't

---

[3]The first time Glendale suggested there were material facts in dispute was on remand *after* our en banc decision in *Pagan I*.

[4]While perhaps controversial in its application, this standard was not new. *See Edenfeld v. Fane*, 507 U.S. 761, 770 (1993) ("It is well established that 'the party seeking to uphold a restriction on commercial speech carries the burden of justifying it.'") (*quoting Bolger v. Youngs Drug Prod. Corp.*, 463 U.S. 60, 71, n. 20 (1983)).

necessary . . . to present or offer any additional evidence." Glendale gambled that the court would adopt its view of the case and lost. Accordingly, the district court was correct to enter judgment in favor of Pagan.

III.

The judgment of the district court is AFFIRMED.