NOT RECOMMENDED FOR PUBLICATION
File Name: 15a0703n.06

No. 14-2518

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| BERNARD J. SCHAFER; HENRY BLOCK, | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| MULTIBAND CORP., | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |

**FILED**
Oct 20, 2015
DEBORAH S. HUNT, Clerk

BEFORE:   ROGERS, STRANCH, and DONALD, Circuit Judges.

ROGERS, Circuit Judge.   This appeal concerns the effect of our earlier decision in this litigation, which held that an arbitrator did not manifestly disregard the law in concluding that Bernard Schafer and Henry Block's indemnification agreements with Multiband Corporation were void.  *Schafer v. Multiband Corp.*, 551 F. App'x 814, 820–21 (6th Cir. 2014) ("*Schafer I*").  *Schafer I* reversed the district court's judgment vacating the arbitration award and remanded the case for further proceedings.  On remand, Schafer and Block argued that the district court was required to rule on a second theory for vacating the arbitration award.  The district court refused to hear this claim, reasoning that *Schafer I* precluded the court's review of the second argument.  Notwithstanding some unclear language in the opinion, however, *Schafer I* did not decide Schafer and Block's second argument for vacatur, and the district court should address that argument in the first instance.

*Schafer I* sets forth in detail the facts giving rise to Schafer and Block's arbitration complaint. *See id.* at 815–18. The facts relevant to this appeal are summarized as follows.

Schafer and Block had partial ownership interests in four companies in the satellite television equipment business. In 2005, they created a parent company for the other companies, DirecTECH Holding Company, Inc. (DTHC), and executed indemnification agreements with DTHC in their capacities as directors and trustees of an employee stock ownership plan (ESOP) and an employee stock ownership trust (ESOT). The agreements protected Schafer and Block from all losses incurred in connection with their roles as directors and trustees, with the exception of wrongful acts and gross negligence. Each agreement contained a mandatory arbitration clause.

Soon after the creation of DTHC, the Department of Labor (DOL) began investigating DTHC on the belief that its directors and trustees had breached their fiduciary duties in certain stock transactions involving the ESOP and ESOT. While the investigation was ongoing, Multiband began negotiations to purchase DTHC. Multiband was fully informed of the DOL investigation prior to its 2009 purchase of the company. As part of the purchase agreement, Multiband agreed to indemnify Schafer and Block for any losses in connection with their roles as directors and trustees, and also assumed DTHC's indemnification agreements. In 2009, the DOL filed suit against Schafer and Block for breach of fiduciary duty. The suits were eventually settled for $1.45 million each. Schafer and Block then sought indemnification from Multiband, but Multiband refused to honor the indemnification agreements.

In 2011, Schafer and Block filed an arbitration complaint against Multiband, arguing primarily that Multiband breached the indemnification agreements. Multiband countered that the agreements were void under a provision of the Employee Retirement Income Security Act

(ERISA), 29 U.S.C. § 1110(a), which prohibits certain types of exculpatory agreements for fiduciaries. Schafer and Block also brought alternative claims based on fraud and estoppel in case the agreements were determined to be void. The fraud claim argued that Multiband fraudulently induced Schafer and Block to enter into agreements that it knew were void. The estoppel claim asserted that Multiband could not argue that the agreements were void because of its prior representations to Schafer and Block. Schafer and Block claimed incidental, consequential, and punitive damages for relief under the alternative claims. The alternative claims also alleged that the purchase price for DTHC would have been higher if the purchase agreement had not included the indemnification agreements.

Prior to discovery in the arbitration, the parties agreed that the legal question of whether the indemnification agreements were void could be determined on summary disposition based on agreed-upon facts. This legal question did not include or refer to the alternative claims. In his decision, the arbitrator stated that the only issue in the summary disposition was whether "the indemnity agreements [are] invalidated by operation of ERISA." The arbitrator did not give notice that he would also be deciding the alternative claims and did not order briefing or hear evidence on those claims. At a hearing on the ERISA issue, counsel for Schafer and Block referred only briefly to the alternative claims at the end of their argument:

> We have a second claim here, a second series of claims associated with stock fraud . . . . [I]f Multiband later takes the position that promise I have gave you to induce you to sell me your stock was void when I gave it to you, ha, ha, ha. Then we've got a stock fraud case here, that is set forth in our complaint.
> . . . .
> And it may not be a – I haven't fleshed out exactly, the fraud case, but it is a fraud case. So that's where we are.

The arbitrator ruled against Schafer and Block, holding that the agreements were void under ERISA and that the breach of contract claims therefore failed. Neither the arbitrator's one-

sentence judgment nor his analysis of the ERISA issue mentioned the alternative claims. The arbitration service, however, dismissed the entire arbitration after the arbitrator rendered his decision.

Schafer and Block then filed a complaint and petition to vacate the arbitration award in federal district court. The complaint asserted two grounds for relief. First, the complaint asserted that the decision holding the agreements void was in manifest disregard of the law, including Sixth Circuit precedent. Second, the complaint alleged that the arbitrator exceeded his powers under § 10 of the Federal Arbitration Act (FAA) by failing to explain why his holding on the ERISA issue precluded Schafer and Block's alternative claims. On appeal, Schafer and Block now explain that the second argument for vacatur is based on two subsections of 9 U.S.C. § 10. The arbitrator's decision violated § 10(a)(3), Schafer and Block argue, because the arbitrator did not provide them "a full and fair hearing on [the alternative] claims" since he did not provide notice that he was deciding the claims or allow the parties to present evidence. The arbitrator also allegedly exceeded his powers under § 10(a)(4) because he did not state his reason for dismissing the alternative claims, as was required by the parties' indemnification agreements.

The district court vacated the arbitrator's award, holding that the decision on the ERISA issue was in manifest disregard of the law. The court did not address the second argument for vacatur based on the alternative claims. On appeal, this court reversed the district court. We framed the issue in the following way:

> Schafer and Block filed suit in federal court, seeking to have the arbitrator's decision vacated because "the Arbitrator expressly disregarded controlling federal law and held for the first time in American jurisprudence, that Section 1110 categorically bars all private indemnification agreements between plan fiduciaries and third parties." The court found that "manifest disregard of the law" survives as a basis for vacating an arbitrator's decision, and held that the arbitrator committed more than "a mere error in interpretation or application of the law" when he decided that ERISA does not permit indemnification agreements.

> Instead, the arbitrator's conclusions were, according to the court, "contrary to clearly established legal precedent" of which the arbitrator was aware, but chose to ignore. The district court therefore vacated the arbitrator's decision. Multiband timely appeals.

*Schafer I*, 551 F. App'x at 818. We held that though the arbitrator's decision was "an apparent error of law, the arbitrator did not manifestly disregard the law." *Id.* Accordingly, the judgment of the district court was "reversed and remanded for further proceedings consistent with th[e] opinion." *Id.* at 821. Schafer and Block's petition for a rehearing en banc was denied.

Schafer and Block's appellate brief in *Schafer I* focused almost exclusively on the question of whether the arbitrator manifestly disregarded the law in deciding the ERISA issue. One paragraph on the last page of the brief argued the second ground for vacatur, stating in part that Schafer and Block "were not given the opportunity to present evidence or be heard on their Alternative Claims. Accordingly, the Arbitrator exceeded his powers and the Arbitration Decision must be vacated." Multiband did not address this issue in its principal brief but did so in its reply brief.

On remand, the parties filed cross-motions for summary judgment. Schafer and Block argued that the district court should vacate the arbitration award under the second ground for relief. Multiband argued that *Schafer I* had already rejected that argument. In affirming the arbitration award, the district court "reluctantly" agreed with Multiband. The court noted that Schafer and Block's appellate brief raised the second argument for vacatur, and reasoned that *Schafer I* dismissed that argument in its analysis of § 10 of the FAA. The district court relied in particular on the following excerpt from our opinion:

> Under the FAA, "a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected 'as prescribed' in §§ 10 and 11. Section 10 lists grounds for vacating an award." *Hall St. Assocs. v. Mattel, Inc.,* 552 U.S. 576, 582 (2008). These are:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

> 9 U.S.C. § 10. None of the first three bases is even arguably present here. There is also no argument that under the fourth ground the arbitrator exceeded his powers, apart from an argument that, by manifestly disregarding the law, the arbitrator exceeded his powers.

*Schafer I*, 551 F. App'x at 818. The district court also stated that *Schafer I* "necessarily decided" the second argument because Schafer and Block presented both grounds for vacatur on appeal and *Schafer I*'s judgment reversing the district court implicitly rejected the second argument. Lastly, the district court found support for its conclusion in the order denying an en banc rehearing, which stated "that the issues in [Schafer and Block's] petition were fully considered upon the original submission and decision of the case."

The district court therefore dismissed the complaint on the basis that *Schafer I*'s purported ruling on the second argument for vacatur was the law of the case. Schafer and Block appeal.

Although some of our language was in retrospect misleading, we did not decide in *Schafer I* the claim that the arbitration award should be set aside because the arbitrator improperly disposed of Schafer and Block's fraud and estoppel claims. When an appellate court remands a case for further proceedings, "the trial court is free to consider any issues not decided 'expressly or impliedly by the appellate court.'" *Kavorkian v. CSX Transp., Inc.*, 117 F.3d 953,

958–59 (6th Cir. 1997) (quoting *Jones v. Lewis*, 957 F.2d 260, 262 (6th Cir. 1992)). The district court should therefore have addressed the alternative claims.

*Schafer I* did not expressly decide whether the arbitration award should be vacated based on the arbitrator's failure to hear evidence on the alternative claims or his failure to explain his dismissal of those claims. Indeed, at several points, the opinion explains that it was only addressing the argument that the arbitrator's ERISA holding was in manifest disregard of the law. First, when describing the background of the case, the opinion never mentions that Schafer and Block asserted alternative claims. *See Schafer I*, 551 F. App'x at 816–18. Nor does the opinion mention the alternative claims in framing the issue for review. *See id.* at 818. Instead, the opinion notes that the issues were whether the "manifest disregard of the law" standard survived as a basis for vacating an arbitrator's decision and whether the arbitrator's decision holding the agreements void satisfied this standard. *Id.* at 818–19. Moreover, the holding states in full that "[n]otwithstanding an apparent error of law, the arbitrator did not manifestly disregard the law in concluding that the indemnification agreement between Schafer and Block and Multiband was void as against public policy." *Id.* at 818. This holding, too, makes no mention of the second argument for vacatur. Finally, the main policy reason supporting the opinion's holding is that arbitration avoids the expense of appeals based on legal errors. *Id.* at 820. This policy is only relevant where the question is whether an arbitrator committed a legal error, a question not implicated by Schafer and Block's second argument for vacatur.

Even though the opinion does not explicitly mention the second argument for vacatur, the district court reasoned that this court addressed that argument after listing the four bases for vacatur of an arbitration award under § 10 of the FAA. Immediately following the quotation of § 10, the opinion states that "None of the first three bases [for vacatur] is even arguably present

here. There is also no argument that under the fourth ground the arbitrator exceeded his powers, apart from an argument that, by manifestly disregarding the law, the arbitrator exceeded his powers." *Id.* at 818. The district court concluded that because Schafer and Block raised the second argument for vacatur in their appellate brief, the opinion's statement that none of the bases for relief under § 10 applied is an explicit rejection of both arguments for vacatur.

We regret the extent to which this language was misleading. The district court's reading of the language is understandable; however, the two sentences quoted above only analyzed whether § 10 provided relief on the arbitrator's ERISA holding. The mandate—which reversed and remanded the case for further proceedings consistent with the opinion—and the background, issue statement, holding, and analysis sections of the opinion indicate that *Schafer I* did not "squarely decide[]" the second argument for vacatur. *Kindle v. City of Jeffersontown*, 589 F. App'x 747, 753 (6th Cir. 2014) (quoting *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 91 F. App'x 370, 374 (6th Cir. 2004)). The opinion's statement that "[n]one of the first three bases [for vacatur] is even arguably present here" indicates that none of those bases applied to the arbitrator's ERISA holding, which is the issue that the rest of the opinion discusses. *Schafer I*, 551 F. App'x at 818. The same interpretation applies to the next sentence in the opinion, which states in part that "[t]here is also no argument that under the fourth ground the arbitrator exceeded his powers." *Id.*

*Schafer I* also did not necessarily decide the second argument for vacatur. It is true that Schafer and Block argued the second ground for vacatur in their appellate brief. But this argument—which occupied only four sentences in the brief—did not have to be decided by this court. In vacating the arbitration award, the district court only decided the question of whether the arbitrator manifestly disregarded the law. While we may affirm lower court judgments on

alternative legal grounds not relied upon by the district court, we are not required to do so, and if we considered the possibility but rejected it on the merits—rather than just not addressing the issue—it is unlikely that we would do so in such a cryptic fashion. Accordingly, the judgment reversing the district court did not implicitly conclude that both arguments for vacatur were meritless.

The order denying Schafer and Block's en banc rehearing also does not compel the conclusion that the law of the case applied on remand. The district court noted that Schafer and Block's petition for a rehearing asserted that the panel did not explain why it had rejected the second argument for vacatur. The district court also reasoned that the order denying a rehearing addressed the second argument by stating "that the issues [raised] in the petition were fully considered upon the original submission." The main "issues" raised in the en banc petition, however, were related to *Schafer I*'s holding that the arbitrator did not manifestly disregard the law. The order merely explained that Schafer and Block's repackaged arguments on that point were unconvincing. Moreover, as explained earlier in this opinion, *Schafer I* only considered issues related to the arbitrator's legal error. This court was therefore not required to address the second argument for vacatur in its order denying a rehearing. Lastly, the order denying a rehearing is a standard order, like almost every other en banc denial that this court issues. The brief order does not compel the conclusion that *Schafer I* resolved Schafer and Block's second argument for vacatur.

We do not reach Multiband's alternative argument for affirmance based on res judicata. Our judgment today is limited to clarifying the limited scope of *Schafer I*'s judgment. Other properly preserved arguments may be addressed on remand.

The judgment of the district court is vacated, and the case is remanded for further proceedings consistent with this opinion.